IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                                                                  PLAINTIFF

v.                                        No. 5:12-cv-50035-003

JAMES VAN DOREN                                                                            DEFENDANT

**ORDER**

      Currently before the Court is an Amended Motion to Compel (Doc. 86) by Defendant James Van Doren ("Van Doren"), brief in support (Doc. 87), and the Government's Response (Doc. 96). Van Doren seeks the production of field notes made by government agents of their interviews of witnesses and co-defendants as well as a list of the witnesses the Government intends to call in its case in chief. Van Doren also originally sought production of emails, correspondence, and other materials authored by, addressed or sent to, or specifically referencing Van Doren, which the Government has now agreed to produce. The Court will therefore not address that request specifically, as it appears to be moot. For the reasons set forth below, Van Doren's Amended Motion to Compel is DENIED.

      Van Doren seeks production of field notes made by government agents to the extent the field notes provide an account or summary of any statement provided by a co-defendant or other person the Government intends to call as a witness at trial. Van Doren argues that this information is necessary for him to prepare for trial and cross-examination of the Government's witnesses. The Government opposes the motion arguing that the field notes are not discoverable, but notes that it will produce in accordance with the Jencks Act any field notes that have been signed or adopted by a witness.

The Government's obligations for discovery are governed by Fed. R. Crim. P. 16, the Jencks Act (18 U.S.C. § 3500), and *Brady v. Maryland*, 373 U.S. 83 (1963). The Jencks Act defines the term "statement" as "a written statement made by said witness and signed or otherwise adopted or approved by him." 18 U.S.C. § 3500(e)(1). Field notes are not "statements" producible under the Jencks Act, unless signed or adopted by a witness, as such notes are typically the authoring agent's interpretations and impressions of an interview or proffer as opposed to a statement made by a witness. *See e.g., United States v. Wright*, 540 F.3d 833, 842 (8th Cir. 2008) (government agent's interview notes not discoverable under Jencks Act as they would consist solely of the agent's interpretations or impressions); *United States v. Malone*, 49 F.3d 393, 396 (8th Cir. 1995) (government agent's notes not discoverable, pursuant to Federal Rule of Criminal Procedure 16(a)(2), as the notes constituted the agent's impression of his interview with the witness, not a statement by the witness). There is no indication in this case that the field notes, which are required to be maintained under the Court's Pretrial Scheduling Order, were signed, adopted, or approved by any witnesses who were interviewed by government agents. The Government has stated, however, that to the extent Van Doren's request encompasses Jencks Act material, the Government will comply with the Jencks Act and produce any statements made by a governmental witness after the witness has testified on direct examination.

Field notes are likewise not discoverable under Fed. R. Crim. P. 16. "Except as Rule 16(a)(1) provides otherwise, this rule does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case." Fed. R. Crim. P. 16(a)(2). It does not appear, and Van Doren has not argued or shown, that the field notes would fit

into any category of discoverable material under Rule 16(a)(1).

Finally, there is no indication that the field notes made by government agents of witnesses contain "exculpatory" evidence, which would be required to be produced under *Brady v. Maryland*.

Likewise, Van Doren is not otherwise entitled to field notes made by government agents of interviews with co-defendants in this case. Rule 16(a)(1)(B) requires the government, upon a defendant's request, to "*disclose to the defendant*, and make available for inspection, copying or photographing . . . any relevant written or recorded *statement by the defendant*." (emphasis added). The Government is only required to disclose to a defendant his own statement.

Van Doren also seeks a list of the witnesses that the Government intends to call in its case in chief. Van Doren argues that he needs the list in order to avoid surprise and "trial by ambush." The Government opposes disclosure, but agrees to the practice in this Court of providing a witness list three days before trial. "Although a district court may order disclosure, criminal defendants have no right in noncapital cases to require disclosure of the list of government witnesses under Fed.R. Crim. P. 16(a)." *United States v. Constantine*, 674 F.3d 985, 989 (8th Cir. 2012) (quotation omitted). Van Doren argues that his case is different than the typical criminal case in which disclosure of a governmental witness's identity might endanger the witness. The Court does not agree that this case is atypical. In any criminal case, including white collar cases, there exists the possibility for witness intimidation. A witness may be discouraged from testifying truthfully or at all by any variety of pressures—internal or external—resulting from early disclosure of his or her identity. The Government's disclosure of a witness list three days before trial is reasonable and will avoid any undue delay during the course of the trial.

IT IS THEREFORE ORDERED that Van Doren's Amended Motion to Compel (Doc. 86)

is DENIED**.**

       IT IS SO ORDERED this 29th day of May, 2013.

                                                /s/ P. K. Holmes, III
                                                P.K. HOLMES, III
                                                CHIEF U.S. DISTRICT JUDGE