IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                                         PLAINTIFF

v.                                 No. 5:12-CR-50035-003

JAMES VAN DOREN                                                DEFENDANT

## ORDER

Currently before the Court are Defendant James Van Doren's ("Van Doren") motion to dismiss (Doc. 108) and brief in support (Doc. 109), the Government's response (Doc. 118), Van Doren's reply (Doc. 121), the Government's sur-reply (Doc. 125), and Van Doren's sur-response (Doc. 127).[1]  Also before the Court are Van Doren's motion to sever[2] (Doc. 111) and the Government's response (Doc. 115).  Having reviewed the motions and related filings, the Court finds that both the motion to dismiss and the motion to sever should be DENIED.

## I.      Motion to Dismiss

The third superseding indictment ("the indictment") in this case charges Van Doren and his

---

[1] The parties are advised that replies are allowed as a matter of course only in regard to summary judgment motions, pursuant to Local Rule 7.2(b).  Furthermore, the pretrial scheduling order does not allow for the filing of a reply (or sur-reply or sur-response) in regard to a motion to dismiss based on defects in the indictment.  (Doc. 36, p. 6 n.3).  Although the parties did not seek leave of Court to file a reply, sur-reply, or sur-response, the Court has considered all the filings made in regard to the instant motion to dismiss.  However, any future filings not made in compliance with the Local Rules and the Court's pretrial scheduling order will likely not be considered.

[2] The motion to sever is contained within Van Doren's response to a motion for continuance filed by separate defendant Brandon Barber.  Van Doren is advised that, in the future, a motion will not be considered by the Court unless it is properly filed as a separate document and accompanied by a separately filed brief in support in accordance with Local Rule 7.2 and the pretrial scheduling order (Doc. 36) (requiring that any request—including a motion to sever—be raised by written motion).

co-defendants with conspiracy to commit wire fraud (Count 23) and money laundering (Counts 24, 25, and 27) and conspiracy to commit money laundering (Count 26), among other things.  Van Doren argues that Counts 24, 25, 27, and in part, 26 of the indictment must be dismissed as a matter of law. Van Doren bases his argument on the assumption that the predicate offense charged in the money laundering counts—wire fraud—must be the same wire-fraud transactions separately charged in Count 23 of the indictment.  Counts 24, 25, and 27, however, only charge that the money allegedly being laundered constituted "proceeds . . . derived from a specified unlawful activity, that is wire fraud."  (Doc. 12, ¶¶ 69, 70, 78).  Count 26 alleges that  Defendants "would conduct financial transactions involving proceeds of bankruptcy fraud, wire fraud and bank fraud."  (Doc. 12, ¶ 73). No cross-reference is made to the wire-fraud transactions alleged in Count 23 or to any other provision of the indictment.

 "To sustain a money laundering conviction, the government must prove that the defendant conducted a financial transaction designed to conceal the proceeds of a specific unlawful activity . . . separate from the actual laundering; cases where the allegations of money laundering are based on the *same transaction* charged in the predicate act . . . raise double jeopardy concerns."  *United States v. Awada*, 425 F.3d 522, 524 (8th Cir. 2005) (emphasis in original) (internal citations and quotations omitted).   In the instant matter, the Government charges Van Doren with money laundering, aiding and abetting money laundering, and (in part) conspiracy to commit money laundering, based on the predicate act of "wire fraud."   There is no indication, given the Government's simple use of "wire fraud," that the Government intended to specify any certain instance of wire fraud as the predicate offense.

Van Doren complains that, if as the Government alleges, the wire fraud alleged as the

predicate act in the money laundering counts is not the same wire fraud as the transactions alleged for the substantive offense (and also alleged to be wire fraud in Count 23), then the indictment should be dismissed as the Government has not identified those predicate wire-fraud offenses with any specificity anywhere in the indictment.  "An indictment is sufficient if it contains all of the essential elements of the offense charged, fairly informs the defendant of the charges against which he must defend, and alleges sufficient information to allow a defendant to plead a conviction or acquittal as a bar to a subsequent prosecution." *United States v. Huggans*, 650 F.3d 1210, 1217 (8th Cir. 2011).  The money laundering statutes specifically include wire fraud in the definition of "specified unlawful activity."  18 U.S.C. § 1956(c)(7)(A); 18 U.S.C. § 1957(f)(3); 18 U.S.C. § 1961(1)(B).  A review of the case law reveals that money laundering is routinely charged by referring generally to the underlying predicate offense, and Van Doren cites to no authority that would require a higher degree of specificity. The Court finds that the allegations contained in the indictment, specifying "wire fraud" as the predicate offense, are sufficiently specific.  *See United States v. Caldwell*, 302 F.3d 399, 413 (5th Cir. 2002) (statement in money laundering count that allegedly laundered money was derived from mail fraud in violation of § 1341 sufficiently alleges the "unlawful activity" element of money laundering) (citing *United States v. Smith*, 44 F.3d 1259 (4th Cir. 1995) (because the requirement that the funds be illegally derived is not the distinguishing aspect of a money laundering charge, it therefore does not lie at the core of the offense and the details of the nature of the unlawful activity underlying the character of the proceeds need not be alleged)).

Van Doren also argues that the Government is attempting to constructively amend the indictment by adding vague additional counts of wire fraud and money laundering not listed in the indictment.  This argument has no merit.  The Government is simply standing by the indictment as

worded, arguing that it has sufficiently charged money laundering based on the predicate offense of wire fraud. The Government is not attempting add unindicted charges of wire fraud or money laundering to those already contained in the indictment. There is no requirement that an offense charged as a predicate offense to money laundering also be charged as a separate substantive offense. In fact, "there is absolutely no requirement that a money laundering defendant also be involved in the underlying crime." *Awada*, 425 F.3d at 525 (citing *United States v. Cherry*, 330 F.3d 658, 667 (4th Cir. 2003) ("It is clear that a defendant may be convicted of money laundering even if [he] is not a party to, much less convicted of, the specified unlawful activity.")).

For the reasons set forth above, the Court finds that Van Doren's motion to dismiss must be denied.

## II.   Motion to Sever

Van Doren argues that joinder of the charges against him with those against Brandon Barber and K. Vaughn Knight was improper and/or that severance is warranted because of the risk of prejudice against him should this case be tried jointly. His argument for misjoinder appears to be based on the fact that he was not involved in all of the illegal activity charged and that certain time periods of alleged illegal activity are unrelated to the charges against him and are easily separable. There is no requirement, however, that the Government charge a case based on the time periods in which criminal activity occurred. Rather, "[p]ersons charged in a conspiracy or jointly indicted on similar evidence from the same or related events should be tried together, even if each defendant did not participate in or was not charged with each offense." *United States v. Gravatt*, 280 F.3d 1189, 1191 (8th Cir. 2002). Here, Van Doren is charged with conspiracy to commit bankruptcy fraud, bankruptcy fraud and aiding and abetting, conspiracy to commit wire fraud, three counts of money

-4-

laundering and aiding and abetting, and conspiracy to commit money laundering. (Doc. 12). In each of the seven counts in which Van Doren is charged, he is charged jointly with one or both of his co-defendants. It is clear to the Court that joinder in this case was proper as the defendants are "alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses," keeping in mind that "[s]uch defendants may be charged in one or more counts together or separately" and [a]ll defendants need not be charged in each count." Fed. R. Crim. P. 8(b); *see also Gravatt*, 280 F.3d at 1191 ("Rule 8(b) is construed liberally.").

The Court further finds that severance is not warranted in this case. Van Doren argues that he will suffer prejudice by virtue of a joint trial in that (1) he "will surely be found guilty by association, in connection with Defendant Barber and Knight's special (i.e., fiduciary) relationship with each other;" (2) the jury might be confused by the fact that Van Doren has a law degree and is a non-practicing attorney due to the fact that Defendant Knight is an attorney and is charged with conspiring with his client, Defendant Barber; (3) he will be prejudiced by the introduction of evidence unrelated to the charges against him; and (4) he will suffer "extreme financial prejudice" as a result of having to attend a long trial in Fort Smith.[3] (Doc. 111).

In ruling on a motion for severance, the Court "weighs the inconvenience and expense of separate trials against the prejudice resulting from a joint trial of codefendants." *United States v. Brown*, 331 F.3d 591, 595 (8th Cir. 2003) (quotation omitted). "[W]hen defendants have been

---

[3] Van Doren also cursorily states that "evidence that is probative of a defendant's guilt but technically admissible only against a co-defendant also might present a risk of prejudice," and "a defendant might suffer prejudice if essential exculpatory evidence that would be available to a defendant tried alone were unavailable in a joint trial." (Doc. 111, p. 15). Van Doren, however, does not explain how those statements are applicable to his case, and the Court therefore has no basis to consider any potential prejudice on those grounds.

properly joined under Rule 8(b), a district court should grant a severance only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993).  In this case, a separate trial as to Van Doren would require the Government to duplicate its efforts in trying the seven counts in which Van Doren is charged with one or both of his co-defendants.  Separate trials would also require duplication of the Court's time and resources in holding two separate trials in which largely the same evidence and testimony (duplicating witnesses' time expended) is presented on those seven counts.  Another jury would have to be called. Such a duplication of efforts is unnecessary when weighed against the risk of prejudice asserted by Van Doren.

Van Doren's first three stated potential grounds for prejudice are all essentially assertions that Van Doren will be prejudiced by introduction of evidence related to the co-defendants that will unduly confuse the jury or cause them to be unable to make a reliable judgment about his guilt or innocence.  "Disparity in the weight of the evidence as between the [] parties does not entitle one to severance.  Neither does limited involvement in a conspiracy warrant severance." *United States v. Pecina*, 956 F.2d 186, 188 (8th Cir. 1992) (citations omitted); *see also United States v. Mickelson*, 378 F.3d 810, 818 (8th Cir. 2004) ("Severance is not required merely because evidence that is admissible only against some defendants may be damaging to others.").  Further, it is unclear how the jury would be confused by the fact that Van Doren is a non-practicing attorney.  The Court has confidence in a jury's ability to distinguish between the Defendants and their alleged involvement in this case.  Van Doren is not alleged to have been acting as Defendant Barber's attorney nor does it appear that the Government has any intention of arguing or intimating that Van Doren and Barber

-6-

had an attorney-client relationship.  Van Doren is free to make objections at trial should the Government attempt to mischaracterize Van Doren's relationship with Barber or introduce irrelevant or unduly confusing evidence related to Van Doren's status as a non-practicing attorney. Furthermore, less drastic remedies than a severance, such as limiting jury instructions, should suffice to cure any asserted risk of prejudice to Van Doren in this case.

Finally, a risk of unfair financial prejudice is not a basis for severance.  Van Doren cites to no authority to support the assertion that the potential financial burden presented by a joint trial can be sufficient to warrant severance of a criminal trial nor has he explained how a specific trial right would be compromised or how the jury might be prevented from making a reliable judgment about his guilt or innocence.  *See Zafiro*, 506 U.S. at 539.  Furthermore, any financial prejudice to Van Doren is not sufficient to justify the expense and inconvenience to the Government, the Court, witnesses, etc. of holding unnecessarily duplicative trials.

For all the reasons set forth above, the Court finds that Van Doren's motion for severance must be denied.

**III.    Conclusion**

IT IS THEREFORE ORDERED that Van Doren's motion to dismiss (Doc. 108) is DENIED.

IT IS FURTHER ORDERED that Van Doren's motion for severance (included in Doc. 111) is DENIED.

IT IS SO ORDERED this 10th day of July, 2013.

/s/ P. K. Holmes, III

P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE

-7-