TRANSF

# U. S. District Court
## Western District of Arkansas (Fayetteville)
## CRIMINAL DOCKET FOR CASE #: 5:12−cr−50035−PKH−3

Case title: USA v. Barber et al

Date Filed: 07/11/2012
Date Terminated: 11/04/2014

Assigned to: Honorable P. K. Holmes, III

Appeals court case number: 14−3685 8th Circuit Court of Appeals

**Defendant (3)**

| | | |
|---|---|---|
| **James Van Doren**<br>*TERMINATED: 11/04/2014* | represented by | **G. Chadd Mason**<br>Cabana Law Group<br>3900 N. Front St., Ste. 103<br>Fayetteville<br>Fayetteville, AR 72703<br>(479) 442−6464<br>Fax: (479) 841−3770<br>Email: chaddmason@aol.com<br>*TERMINATED: 01/10/2014*<br>*LEAD ATTORNEY*<br>*Designation: Retained* |

**Gary D Corum**
Wilson, Engstgrom, Corum and Coulter
Post Office Box 71
200 South Commerce, Suite 600
Little Rock, AR 72203
501−375−6453
Fax: 501−375−5914
Email: gary@wecc−law.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Stephen Lance Cox**
Cox Cox Estes PLLC
P.O. Box 9630 Fayetteville AR 72703−0028
Fayetteville, AR 72703−0028
479−251−7900
Fax: 251−7910
Email: lcox@coxfirm.com
*TERMINATED: 01/10/2014*
*LEAD ATTORNEY*

*Designation: Retained*

| **Pending Counts** | **Disposition** |
| --- | --- |
| 18:1957 &2 − MONEY LAUNDERING AND AIDING AND ABETTING (24s) | SENTENCED TO 15 MONTHS IMPRISONMENT, TO REPORT BY 1/5/15; 2 YEARS SUPERVISED RELEASE; $100.00 SPECIAL ASSESSMENT; $10,000.00 FINE |

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
| --- | --- |
| 18:371 &157 − CONSPIRACY TO COMMIT BANKRUPTCY FRAUD (13s) | DISMISSED ON MOTION OF THE UNITED STATES |
| 18:152(7) &2 − CONCEALMENT OF ASSETS AND AIDING AND ABETTING (15) | DISMISSED ON MOTION OF THE UNITED STATES |
| 18:152(7) &2 − BANKRUPTCY FRAUD AND AIDING AND ABETTING (15s) | DISMISSED ON MOTION OF THE UNITED STATES |
| 18:1349 &1343 − CONSPRIACY TO COMMIT WIRE FRAUD (23s) | DISMISSED ON MOTION OF THE UNITED STATES |
| 18:1957 &2 − MONEY LAUNDERING AND AIDING AND ABETTING (25s) | DISMISSED ON MOTION OF THE UNITED STATES |
| 18:1956(h) − CONSPIRACY TO COMMIT MONEY LAUNDERING (26s) | DISMISSED ON MOTION OF THE UNITED STATES |
| 18:1956 &2 − MONEY LAUNDERING AND AIDING AND ABETTING (27s) | DISMISSED ON MOTION OF THE UNITED STATES |

**Highest Offense Level (Terminated)**

Felony

| **Complaints** | **Disposition** |
| --- | --- |

USDC Arkansas Western

None

**Garnishee**

| | | |
|---|---|---|
| **Unclaimed Property Division** | represented by | **Amy Lynne Ford** |
| *also known as* | | Assistant Attorney General |
| State Of Arkansas Auditor Of State | | 323 Center Street |
| | | Suite 200 |
| | | Little Rock, AR 72201−2610 |
| | | (501) 682−3665 |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |

**Garnishee**

**AXA Advisors, LLC**
Northeast Divisional Office
Attn: Anthony Sages, CLU
1290 Avenue of the Americas, 8th Floor
New York, NY 10104
212−554−1234

**Plaintiff**

| | | |
|---|---|---|
| **USA** | represented by | **C. Eldridge** |
| | | U.S Attorney's Office |
| | | 414 Parker Avenue |
| | | Fort Smith, AR 72901 |
| | | (479) 783−5125 |
| | | Email: kenny.elser@usdoj.gov |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |
| | | |
| | | **Deborah Fennell Groom** |
| | | United States Attorney's Office |
| | | 414 Parker Avenue |
| | | Post Office Box 1524 |
| | | Fort Smith, AR 72901 |
| | | (479) 783−5125 |
| | | Fax: (479) 441−0569 |
| | | Email: Debbie.Groom@usdoj.gov |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |
| | | |
| | | **Kenneth P. Elser** |
| | | United States Attorney's Office |
| | | P. O. Box 1524 |
| | | Fort Smith, AR 72902 |
| | | (479) 783−5125 |
| | | Fax: (479) 785−2442 |

Email: kenny.elser@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Benjamin Wulff**
U.S. Attorney's Office
500 N. Stateline Avenue
Texarkana, AR 71854
(903) 792−6422
Fax: (479) 785−2442
Email: Ben.Wulff@usdoj.gov
*ATTORNEY TO BE NOTICED*

**G. R. Hines**
United States Attorney's Office
414 Parker Avenue
Fort Smith, AR 72901
(479) 783−5125
Fax: (479) 441−0501
Email: Kenny.Elser@usdoj.gov
*ATTORNEY TO BE NOTICED*

**W. L. Johnson**
U.S. Attorney's Office
P.O. Box 1524
414 Parker Avenue
Fort Smith, AR 72902
(479) 783−5125
Fax: (479) 441−0578
Email: kenny.elser@usdoj.gov
*ATTORNEY TO BE NOTICED*

Email All Attorneys (Primary Address)
Email All Attorneys (Primary and Secondary Address)

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 01/16/2013 | 7 | | SECOND SUPERSEDING INDICTMENT as to Brandon Lynn Barber (1) count(s) 1ss−5ss, 6ss−12ss, 13ss, 14ss−15ss, 16ss, 17ss, 18ss−22ss, K. Vaughn Knight (2) count(s) 13, 14, 17, 18−22, James Van Doren (3) count(s) 15. (adw) (Entered: 01/22/2013) |
| 01/16/2013 | 8 | | SECOND SUPERSEDING Citation Calendars as to Brandon Lynn Barber, K. Vaughn Knight, James Van Doren. (adw) (Entered: 01/22/2013) |
| 01/16/2013 | 9 | | SECOND SUPERSEDING Citation Sheets as to Brandon Lynn Barber, K. Vaughn Knight, James Van Doren. (adw) (Entered: 01/22/2013) |
| 01/29/2013 | 10 | | NOTICE OF ATTORNEY APPEARANCE Conner Eldridge appearing for USA. (rw) (Entered: 01/29/2013) |
| 02/26/2013 | 11 | | MEMORANDUM BRIEF in Support of

This is a text only entry − No Document is attached. THE ORIGINAL IS |

| | | | |
|---|---|---|---|
| | | | **FILED UNDER SEAL WITH THE COURT.**<br><br>MOTION Ex Parte by USA as to Brandon Lynn Barber, K. Vaughn Knight, James Van Doren. (adw) (Entered: 02/26/2013) |
| 03/06/2013 | 12 | 19 | THIRD SUPERSEDING INDICTMENT as to Brandon Lynn Barber (1) count(s) 1sss−5sss, 6sss−12sss, 13sss, 14sss, 15sss, 16sss, 17sss, 18sss−22sss, 23sss, 24sss−25sss, 26sss, K. Vaughn Knight (2) count(s) 13s, 14s, 17s, 18s−22s, 23s, 26s, 27s, James Van Doren (3) count(s) 13s, 15s, 23s, 24s−25s, 26s, 27s. (adw) (Entered: 03/08/2013) |
| 03/06/2013 | 15 | | THIRD SUPERSEDING Citation Calendar as to James Van Doren. (adw) (Entered: 03/08/2013) |
| 03/06/2013 | 16 | | THIRD SUPERSEDING Citation Sheet as to Brandon Lynn Barber, K. Vaughn Knight, James Van Doren. (adw) (Entered: 03/08/2013) |
| 03/15/2013 | 19 | | Summons Issued as to James Van Doren. Arraignment set for 4/15/2013 10:00 AM in Fayetteville −− 5th flr (Rm 509) before Honorable Erin L. Setser. (rw) (Entered: 03/15/2013) |
| 03/19/2013 | 20 | | MOTION for Unsealing of Indictment at Specific Time by USA as to Brandon Lynn Barber, K. Vaughn Knight, James Van Doren. (adw) (Entered: 03/19/2013) |
| 03/19/2013 | 21 | | **ORDER granting 20 Motion Unsealing of Indictment at Specific Time as to Brandon Lynn Barber (1), K. Vaughn Knight (2), James Van Doren (3). Signed by Honorable Erin L. Setser on March 19, 2013. (adw) (Entered: 03/19/2013)** |
| 03/20/2013 | | | Case unsealed as to Brandon Lynn Barber, K. Vaughn Knight, James Van Doren. (adw) (Entered: 03/20/2013) |
| 03/21/2013 | | | TEXT ONLY MEMO OF REASSIGNMENT as to Brandon Lynn Barber, K. Vaughn Knight, James Van Doren. Case reassigned to Honorable P. K. Holmes, III. Honorable Jimm Larry Hendren no longer assigned to the case. (adw) (Entered: 03/22/2013) |
| 04/02/2013 | | | **TEXT ONLY ORDER Setting Hearings as to Brandon Lynn Barber, K. Vaughn Knight, James Van Doren : Arraignment set for 4/15/2013 10:00 AM in Fayetteville −− 5th flr (Rm 509) before Honorable Erin L. Setser. Signed by Honorable Erin L. Setser on April 2, 2013. (cc via CM/ECF: U.S. Probation Office, U.S. Marshals Service) (gh) (Entered: 04/02/2013)** |
| 04/15/2013 | 25 | | Summons Returned Executed on 3/20/13 as to James Van Doren. (rw) (Entered: 04/15/2013) |
| 04/15/2013 | 29 | | TEXT ONLY Minute Entry for proceedings held before Honorable Erin L. Setser: Arraignment as to James Van Doren (3) Count 13s,15s,23s,24s−25s,26s,27s held on 4/15/2013; not guilty plea entered to the Superseding Indictment. Attorney Lance Cox and Chadd Mason, Retained, for James Van Doren present. Wendy Johnson and Conner Eldridge appeared for USA. Defense counsel requests discovery in open court. Government has 7 days to provide initial information. Defendant released on cash bond. Jury Trial set for 6/17/2013 09:00 AM in Fort Smith −− 3rd flr (Rm 310) before Honorable P. K. Holmes III. (Gina Hellums−Digital Recorder)(Proceedings |

| | | | |
|---|---|---|---|
| | | | held in Fayetteville−Room 509) (gh) (Entered: 04/16/2013) |
| 04/15/2013 | 34 | | Cash Bond Entered as to James Van Doren in amount of $ 25,000. Receipt # 46105003519. (gh) (Entered: 04/16/2013) |
| 04/15/2013 | 35 | | **ORDER Setting Conditions of Release as to James Van Doren (3) Secured (cash) $25,000 bond. Signed by Honorable Erin L. Setser on April 15, 2013. (cc via CM/ECF: U.S. Probation Office, U.S. Marshals Service) (gh) (Entered: 04/16/2013)** |
| 04/15/2013 | 36 | | **PRETRIAL SCHEDULING ORDER as to Brandon Lynn Barber, K. Vaughn Knight, James Van Doren, establishing pretrial deadlines and setting case for jury trial on June 17, 2013, at 9:00 before the Honorable P.K. Holmes, III. Signed by Honorable Erin L. Setser on April 15, 2013. (cc via CM/ECF: U.S. Probation Office, U.S. Marshals Service) (gh) (Entered: 04/16/2013)** |
| 04/18/2013 | 37 | | Summons Returned Executed on 3/20/2013 as to James Van Doren. (src) (Entered: 04/18/2013) |
| 04/19/2013 | | | FINANCIAL ENTRY: $5,000.00 paid to the registry of the Court for James Van Doren, check #112484069, receipt #46105003519, 04/15/2013. (bks) (Entered: 04/19/2013) |
| 04/19/2013 | 39 | | MOTION for Bill of Particulars by James Van Doren as to James Van Doren. (Cox, Stephen) Modified to take out multiple defendants on 4/22/2013 (adw). (Entered: 04/19/2013) |
| 04/19/2013 | 40 | | MEMORANDUM BRIEF in Support of 39 MOTION for Bill of Particulars by James Van Doren as to James Van Doren. (Cox, Stephen) Modified to take out multiple defendants on 4/22/2013 (adw). (Entered: 04/19/2013) |
| 04/22/2013 | | | **TEXT ONLY ORDER REFERRING MOTION as to James Van Doren 39 MOTION for Bill of Particulars filed by James Van Doren to Honorable Erin L. Setser. Signed by Honorable P. K. Holmes, III on April 22, 2013. (cc via CM/ECF: U.S. Probation Office, U.S. Marshals Service) (jas) (Entered: 04/22/2013)** |
| 04/22/2013 | 42 | | MOTION for Discovery by James Van Doren. (Cox, Stephen) (Entered: 04/22/2013) |
| 04/22/2013 | 43 | | MEMORANDUM BRIEF in Support of 42 MOTION for Discovery by James Van Doren. (Cox, Stephen) (Entered: 04/22/2013) |
| 04/22/2013 | 44 | | NOTICE of Request for Discovery by James Van Doren re 36 Pretrial Scheduling Order,. (Cox, Stephen) (Entered: 04/22/2013) |
| 04/22/2013 | | | **TEXT ONLY ORDER REFERRING MOTION as to James Van Doren 42 MOTION for Discovery filed by James Van Doren to Honorable Erin L. Setser. Signed by Honorable P. K. Holmes, III on April 22, 2013. (cc via CM/ECF: U.S. Probation Office, U.S. Marshals Service) (jas) (Entered: 04/22/2013)** |
| 04/29/2013 | 45 | | MOTION to Seal by USA as to Brandon Lynn Barber, K. Vaughn Knight, James Van Doren. (Johnson, Wendy) (Entered: 04/29/2013) |
| 04/30/2013 | 46 | | |

| | | |
|---|---|---|
| | | **ORDER granting 45 Motion to Seal as to Brandon Lynn Barber (1), K. Vaughn Knight (2), James Van Doren (3). Signed by Honorable P. K. Holmes, III on April 30, 2013. (cc via CM/ECF: U.S. Probation Office, U.S. Marshals Service) (jas) (Entered: 04/30/2013)** |
| 04/30/2013 | 48 | MOTION to Seal *Motion to File Pleading Under Seal* by James Van Doren. (Cox, Stephen) (Entered: 04/30/2013) |
| 04/30/2013 | 49 | UNDER SEAL MOTION by USA as to Brandon Lynn Barber, K. Vaughn Knight, James Van Doren. (jn) (jn). (Entered: 04/30/2013) |
| 05/01/2013 | 50 | **ORDER granting 47 Motion to Seal as to Brandon Lynn Barber (1); granting 48 Motion to Seal as to James Van Doren (3). Defendants are further ordered to file any response, under seal, to the Government's sealed Motion by the close of business on Friday, May 3, 2013. Signed by Honorable P. K. Holmes, III on May 1, 2013. (cc via CM/ECF: U.S. Probation Office, U.S. Marshals Service) (adw) (Entered: 05/01/2013)** |
| 05/02/2013 | 53 | NOTICE of Request for Discovery by USA as to Brandon Lynn Barber, K. Vaughn Knight, James Van Doren re 36 Pretrial Scheduling Order,. (Johnson, Wendy) (Entered: 05/02/2013) |
| 05/02/2013 | 54 | RESPONSE to Request for Discovery by USA as to Brandon Lynn Barber, K. Vaughn Knight, James Van Doren re 39 MOTION for Bill of Particulars . (Johnson, Wendy) (Entered: 05/02/2013) |
| 05/02/2013 | 55 | RESPONSE to Request for Discovery by USA as to James Van Doren re 42 MOTION for Discovery . (Johnson, Wendy) (Entered: 05/02/2013) |
| 05/02/2013 | 56 | BRIEF IN SUPPORT to Request for Discovery by USA as to James Van Doren re 55 Notice of Response to Discovery Request. (Johnson, Wendy) Modified to correct docket title on 5/3/2013 (adw). (Entered: 05/02/2013) |
| 05/02/2013 | | **TEXT ONLY ORDER REFERRING MOTION as to Brandon Lynn Barber 57 MOTION for Bill of Particulars filed by Brandon Lynn Barber. Signed by Honorable P. K. Holmes, III on May 2, 2013. Motion referred to Honorable Erin L. Setser. (cc via CM/ECF: U.S. Probation Office, U.S. Marshals Service) (jlg) (Entered: 05/02/2013)** |
| 05/03/2013 | 62 | SEALED RESPONSE to Motion by James Van Doren re 49 MOTION. (Copy being provided to PKH Chambers by attorney) (adw) (adw). (Entered: 05/03/2013) |
| 05/03/2013 | 63 | SEALED MEMORANDUM BRIEF in Support of 62 Response to Motion by James Van Doren. (Copy provided to PKH Chambers by attorney) (adw) (adw). (Entered: 05/03/2013) |
| 05/06/2013 | 66 | **UNDER SEAL ORDER denying 49 UNDER SEAL Motion as to Brandon Lynn Barber (1), K. Vaughn Knight (2), James Van Doren (3). Signed by Honorable P. K. Holmes, III on May 6, 2013. (cc via CM/ECF: U.S. Probation Office, U.S. Marshals Service; via U.S. Mail to all counsel) (jn) (jn). Modified on 5/7/2013 add text (jn). (Entered: 05/06/2013)** |
| 05/07/2013 | 69 | NOTICE OF ATTORNEY APPEARANCE Glen Ray Hines appearing for USA. (Hines, Glen) (Entered: 05/07/2013) |

| 05/07/2013 | 70 | | MOTION for Hearing *Request for Hearing* by James Van Doren. (Cox, Stephen) (Entered: 05/07/2013) |
| 05/07/2013 | | | **TEXT ONLY ORDER REFERRING MOTION as to James Van Doren 70 MOTION for Hearing *Request for Hearing* filed by James Van Doren. Signed by Honorable P. K. Holmes, III on May 7, 2013. Motion referred to Honorable Erin L. Setser. (cc via CM/ECF: U.S. Probation Office, U.S. Marshals Service) (jlg) (Entered: 05/07/2013)** |
| 05/08/2013 | 73 | | RESPONSE by James Van Doren re 53 Notice of Discovery Request (Cox, Stephen) (Entered: 05/08/2013) |
| 05/08/2013 | 74 | | NOTICE OF ATTORNEY APPEARANCE Benjamin Wulff appearing for USA. (Wulff, Benjamin) (Entered: 05/08/2013) |
| 05/08/2013 | | | TEXT ONLY Minute Entry for proceedings held before Honorable Erin L. Setser: Telephone Conference Motion Hearing as to James Van Doren held on 5/8/2013 re 70 MOTION for Hearing *Request for Hearing* filed by James Van Doren. (gh) (Entered: 05/08/2013) |
| 05/09/2013 | 76 | | **ORDER denying without prejudice 39 Motion for Bill of Particulars as to James Van Doren (3); denying as moot 70 Motion for Hearing as to James Van Doren (3). Signed by Honorable Erin L. Setser on May 9, 2013. (cc via CM/ECF: U.S. Probation Office, U.S. Marshals Service) (adw) (Entered: 05/09/2013)** |
| 05/10/2013 | 78 | | MOTION to Seal Document by USA as to Brandon Lynn Barber, K. Vaughn Knight, James Van Doren. (Johnson, Wendy) (Entered: 05/10/2013) |
| 05/10/2013 | 80 | | **ORDER granting 78 Motion to Seal Document as to Brandon Lynn Barber (1), K. Vaughn Knight (2), James Van Doren (3). Signed by Honorable P. K. Holmes, III on May 10, 2013. (cc via CM/ECF: U.S. Probation Office, U.S. Marshals Service) (adw) (Entered: 05/10/2013)** |
| 05/13/2013 | 83 | | SEALED MOTION by USA as to Brandon Lynn Barber, K. Vaughn Knight, James Van Doren. (adw) (jn). (Entered: 05/13/2013) |
| 05/13/2013 | 84 | | MOTION to Compel by James Van Doren. (Cox, Stephen) (Entered: 05/13/2013) |
| 05/13/2013 | 85 | | MEMORANDUM BRIEF in Support of 84 MOTION to Compel by James Van Doren. (Cox, Stephen) (Entered: 05/13/2013) |
| 05/13/2013 | 86 | | Amended MOTION to Compel by James Van Doren. (Cox, Stephen) (Entered: 05/13/2013) |
| 05/13/2013 | 87 | | MEMORANDUM BRIEF in Support of 86 Amended MOTION to Compel by James Van Doren. (Cox, Stephen) (Entered: 05/13/2013) |
| 05/13/2013 | 89 | | SEALED MOTION by James Van Doren. (adw) (jn). (Entered: 05/13/2013) |
| 05/13/2013 | 90 | | SEALED MEMORANDUM BRIEF in Support of 89 SEALED MOTION by James Van Doren. (adw) (jn). (Entered: 05/13/2013) |
| 05/14/2013 | 92 | | SEALED RESPONSE to Motion by James Van Doren re 83 SEALED MOTION for Order. (adw) (jn). (Entered: 05/14/2013) |

| 05/16/2013 | 94 | | **SEALED ORDER granting in part and denying in part 83 Motion for Order as to Brandon Lynn Barber (1), K. Vaughn Knight (2), James Van Doren (3); denying as moot 89 Motion for Order as to James Van Doren (3). Signed by Honorable P. K. Holmes, III on May 16, 2013. (cc via U.S. Mail and e−mail to all counsel) (jn) (jn). Modified to take out "cc" text to USMS &USPO on 5/17/2013 (adw). (Entered: 05/16/2013)** |
| 05/17/2013 | 96 | | RESPONSE to Motion by USA as to James Van Doren re 86 Amended MOTION to Compel (Johnson, Wendy) (Entered: 05/17/2013) |
| 05/21/2013 | | | SEALED DOCUMENTS provided to U. S. Clerk's Office in Fort Smith on 05/20/2013, and Fayetteville Office on 05/21/2013, pursuant to SEALED ORDER (Doc # 94 ). (jrs) (Entered: 05/21/2013) |
| 05/23/2013 | 99 | | NOTICE UNDER SEAL as to Brandon Lynn Barber, K. Vaughn Knight, James Van Doren. Signed by Honorable P.K. Holmes, III. (jn) (jn). (Entered: 05/23/2013) |
| 05/24/2013 | 100 | | MOTION to Modify Conditions of Release by James Van Doren. (Cox, Stephen) (Entered: 05/24/2013) |
| 05/28/2013 | | | **TEXT ONLY ORDER REFERRING MOTION as to James Van Doren 100 MOTION to Modify Conditions of Release filed by James Van Doren. Signed by Honorable P. K. Holmes, III on May 28, 2013. Motions referred to Honorable Erin L. Setser.(cc via CM/ECF: U.S. Probation Office, U.S. Marshals Service) (jlg) (Entered: 05/28/2013)** |
| 05/29/2013 | 103 | | **ORDER DENYING 86 Motion to Compel as to James Van Doren (3). Signed by Honorable P. K. Holmes, III on May 29, 2013. (cc via CM/ECF: U.S. Probation Office, U.S. Marshals Service) (jas) (Entered: 05/29/2013)** |
| 05/30/2013 | 104 | | RESPONSE to Motion by USA as to James Van Doren re 100 MOTION to Modify Conditions of Release *Pending Trial* (Johnson, Wendy) (Entered: 05/30/2013) |
| 05/31/2013 | 107 | | **ORDER denying 100 Motion to Modify Conditions of Release as to James Van Doren (3). Signed by Honorable Erin L. Setser on May 31, 2013. (cc via CM/ECF: U.S. Probation Office, U.S. Marshals Service) (adw) (Entered: 05/31/2013)** |
| 06/03/2013 | 108 | | MOTION to Dismiss by James Van Doren. (Cox, Stephen) (Entered: 06/03/2013) |
| 06/03/2013 | 109 | | MEMORANDUM BRIEF in Support of 108 MOTION to Dismiss by James Van Doren. (Cox, Stephen) (Entered: 06/03/2013) |
| 06/03/2013 | 110 | | RESPONSE to Motion by James Van Doren as to Brandon Lynn Barber, K. Vaughn Knight, James Van Doren re 105 MOTION to Continue Trial (Cox, Stephen) (Entered: 06/03/2013) |
| 06/04/2013 | | | **TEXT ONLY ORDER TO CONTINUE − Ends of Justice as to Brandon Lynn Barber, K. Vaughn Knight, James Van Doren. The motion for continuance is granted. The jury trial is RE−SET. The Court finds that the ends of justice served by taking such action outweigh the best interest of the public and the Defendant in a speedy trial, because** |

| | | otherwise counsel for the Defendant would be denied the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. Time excluded from 6/17/2013 until 9/16/2013. Jury Trial RE−SET for 9/16/2013 at 09:00 AM in Fort Smith −− 3rd flr (Rm 310) before Honorable P. K. Holmes III. Motions terminated as to Brandon Lynn Barber, K. Vaughn Knight, James Van Doren: 105 MOTION to Continue Trial filed by Brandon Lynn Barber. Signed by Honorable P. K. Holmes, III on June 4, 2013. (cc via CM/ECF: U.S. Probation Office, U.S. Marshals Service) (jas) (Entered: 06/04/2013) |
|---|---|---|
| 06/04/2013 | 111 | MEMORANDUM BRIEF in Support of 110 Response to Motion by James Van Doren. (Cox, Stephen) (Entered: 06/04/2013) |
| 06/06/2013 | 112 | RESPONSE by USA as to James Van Doren re 110 Response to Motion *for Continuance/Motion to Sever* (Johnson, Wendy) (Entered: 06/06/2013) |
| 06/06/2013 | 113 | ***PLEASE DISREGARD − SEE DOCUMENT #115.***MEMORANDUM BRIEF in Support of 112 Response *to Defendant Van Doren's Motion to Sever* by USA as to James Van Doren. (Johnson, Wendy) Modified on 6/7/2013 to note document refiled(rw). Modified on 6/7/2013 to edit text (lw). (Entered: 06/06/2013) |
| 06/06/2013 | 114 | ***PLEASE DISREGARD SEE DOCUMENT #115.***MEMORANDUM BRIEF in Support of 112 Response *to Defendant Van Doren's Motion to Sever* by USA as to James Van Doren. (Johnson, Wendy) Modified on 6/7/2013 to note document refiled(rw). Modified on 6/7/2013 to edit text(lw). (Entered: 06/06/2013) |
| 06/06/2013 | 115 | MEMORANDUM BRIEF in Support of 112 Response *to Defendant Van Doren's Motion to Sever* by USA as to James Van Doren. (Johnson, Wendy) (Entered: 06/06/2013) |
| 06/07/2013 | 116 | SEALED RESPONSE by Brandon Lynn Barber as to Brandon Lynn Barber, K. Vaughn Knight, James Van Doren re 101 Order. (adw) (jn). (Entered: 06/07/2013) |
| 06/12/2013 | 118 | RESPONSE to Motion by USA as to James Van Doren re 108 MOTION to Dismiss *Counts 24 Through 27 of the Indictment* (Johnson, Wendy) (Entered: 06/12/2013) |
| 06/18/2013 | 121 | REPLY TO RESPONSE to Motion by James Van Doren re 108 MOTION to Dismiss *Separate Defendant James Van Doren's Reply to Government's Response to Motion to Dismiss* (Cox, Stephen) (Entered: 06/18/2013) |
| 06/24/2013 | 123 | NOTICE *Notice of Separate Defendant James Van Doren's Rule 16 (b)(1)(C) Expert Witness Disclosures* by James Van Doren (Attachments: # 1 Exhibit Affidavit of Jill Jacoway (Exhibit A), # 2 Exhibit Jill Jacoway CV (Exhibit B))(Cox, Stephen) (Entered: 06/24/2013) |
| 06/26/2013 | 125 | RESPONSE by USA as to James Van Doren re 121 Reply to Response (Eldridge, Conner) (Entered: 06/26/2013) |
| 07/03/2013 | 127 | SUR−REPLY in Support by James Van Doren re 108 MOTION to Dismiss (Cox, Stephen) Modified to correct docket title on 7/5/2013 (adw). (Entered: 07/03/2013) |

| | | | |
|---|---|---|---|
| 07/10/2013 | 129 | | **ORDER DENYING 108 Motion to Dismiss and DENYING 111 Motion to Sever as to James Van Doren. Signed by Honorable P. K. Holmes, III on July 10, 2013. (cc via CM/ECF: U.S. Probation Office, U.S. Marshals Service) (jas) (Entered: 07/10/2013)** |
| 07/16/2013 | 132 | | MOTION for Refund of Bond by Brandon Lynn Barber. (Hutchinson, W.) Modified on 7/17/2013 to edit text(tg). (Entered: 07/16/2013) |
| 08/21/2013 | | | **TEXT ONLY ORDER Setting/Resetting Hearings as to James Van Doren. JURY TRIAL CANCELED. Change of Plea Hearing set for 8/23/2013 at 10:00 AM in Fort Smith — 3rd flr (Rm 310) before Honorable P. K. Holmes III. Signed by Honorable P. K. Holmes, III on August 21, 2013. (cc via CM/ECF: U.S. Probation Office, U.S. Marshals Service) (jas) (Entered: 08/21/2013)** |
| 08/22/2013 | 141 | | RESPONSE by USA as to Brandon Lynn Barber, K. Vaughn Knight, James Van Doren re 136 MOTION to Set Aside Forfeiture (Wulff, Benjamin) (Entered: 08/22/2013) |
| 08/23/2013 | 142 | | Minute Entry for proceedings held before Honorable P. K. Holmes, III: Change of Plea Hearing as to James Van Doren held on 8/23/2013. Plea entered: Guilty Count 24s. Not Guilty plea remains on Counts 13s, 15s, 23s, 25s, 26s and 27s. (Rick Congdon−Court Reporter) (jas) (Entered: 08/23/2013) |
| 08/23/2013 | 143 | | PLEA AGREEMENT as to James Van Doren. (jas) (Entered: 08/23/2013) |
| 08/23/2013 | 144 | | **MONEY JUDGMENT as to James Van Doren. Signed by Honorable P. K. Holmes, III on August 23, 2013. (cc via CM/ECF: U.S. Probation Office, U.S. Marshals Service) (adw) (Entered: 08/23/2013)** |
| 09/09/2013 | 147 | | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Change of Plea as to James Van Doren held on 8/23/13, before Judge P.K. Holmes. Court Reporter/Transcriber Rick Congdon, Telephone number 479−783−1466. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber. After the Release of Transcript Restriction deadline, it, or a redacted transcript, may be obtained through the Court Reporter/Transcriber or PACER A Notice of Intent to Request Redaction of the Transcript MUST be filed within 7 calendar days of the filing of the transcript and served manually on the court reporter/transcriber. Redaction Request due 10/3/2013. Redacted Transcript Deadline set for 10/15/2013. Release of Transcript Restriction set for 12/12/2013. (jn) (Entered: 09/09/2013) |
| 09/27/2013 | | | Transcript deadline terminated per release of 124 transcript. (tg) (Entered: 09/27/2013) |
| 10/15/2013 | | | Transcript deadline terminated per release of 130 transcript.(tg) (Entered: 10/15/2013) |
| 11/18/2013 | 178 | | MOTION of Chadd Mason and Lance Cox to Withdraw as Attorney by James Van Doren. (Cox, Stephen) (Entered: 11/18/2013) |
| 11/18/2013 | 179 | | MEMORANDUM BRIEF in Support of 178 MOTION of Chadd Mason and Lance Cox to Withdraw as Attorney by James Van Doren. (Cox, Stephen) (Entered: 11/18/2013) |

| | | | |
|---|---|---|---|
| 12/12/2013 | | | Terminate Transcript Deadlines as to James Van Doren per release of #147. (jn) (Entered: 12/12/2013) |
| 12/13/2013 | 188 | | **ORDER as to James Van Doren re 178 MOTION of Chadd Mason and Lance Cox to Withdraw as Attorney filed by James Van Doren. Defense counsel is directed to provide Mr. Van Doren with a copy of this order and file some proof of receipt on the record. Signed by Honorable P. K. Holmes, III on December 13, 2013. (cc via CM/ECF: U.S. Probation Office, U.S. Marshals Service) (adw) (Entered: 12/13/2013)** |
| 12/13/2013 | 189 | | AFFIDAVIT of S. Lance Cox and Chadd Mason re 188 Order, by Brandon Lynn Barber, K. Vaughn Knight, James Van Doren (Attachments: # 1 Exhibit A)(Cox, Stephen) (Entered: 12/13/2013) |
| 12/19/2013 | 190 | | NOTICE OF ATTORNEY APPEARANCE: Gary D Corum appearing for James Van Doren (Corum, Gary) (Entered: 12/19/2013) |
| 01/10/2014 | 194 | | **ORDER granting 178 Motion to Withdraw as Attorney. Stephen Lance Cox and G. Chadd Mason withdrawn from case and the Clerk of Court is directed to remove his/her name from the list of attorneys who receive Notices of Electronic Filing in this case as to James Van Doren (3). Signed by Honorable P. K. Holmes, III on January 10, 2014. (cc via CM/ECF: U.S. Probation Office, U.S. Marshals Service) (adw) (Entered: 01/10/2014)** |
| 03/27/2014 | 195 | | MOTION to Withdraw Plea of Guilty *Motion and Brief in Support of Motion to Withdraw Plea of Guilty By Separate Defendant James Van Doren* by James Van Doren. (Corum, Gary) (Entered: 03/27/2014) |
| 04/07/2014 | 196 | | RESPONSE to Motion by USA as to James Van Doren re 195 MOTION to Withdraw Plea of Guilty *Motion and Brief in Support of Motion to Withdraw Plea of Guilty By Separate Defendant James Van Doren (Government's Brief and Response in Opposition to Defendant's Motion to Withdraw Plea of Guilty)* (Johnson, Wendy) (Entered: 04/07/2014) |
| 04/11/2014 | 197 | | MOTION for Leave to File *Reply Brief in Support of Motion to Withdraw Plea of Guilty by Separate James Van Doren* by James Van Doren. (Corum, Gary) (Entered: 04/11/2014) |
| 04/14/2014 | | | **TEXT ONLY ORDER granting 197 Motion for Leave to File as to James Van Doren (3). Reply due by April 16, 2014. Signed by Honorable P. K. Holmes, III on April 14, 2014. (cc via CM/ECF: U.S. Probation Office, U.S. Marshals Service) (jlg) (Entered: 04/14/2014)** |
| 04/16/2014 | 198 | | REPLY TO RESPONSE to Motion by James Van Doren re 195 MOTION to Withdraw Plea of Guilty *Motion and Brief in Support of Motion to Withdraw Plea of Guilty By Separate Defendant James Van Doren Reply Brief in Support of Motion to Withdraw Plea of Guilty By Separte Defendant, James Van Doren* (Corum, Gary) (Entered: 04/16/2014) |
| 05/07/2014 | 200 | | **THE DOCUMENT IS FILED UNDER SEAL WITH THE COURT.**<br><br>INITIAL DISCLOSURE COPY OF PRESENTENCE INVESTIGATION REPORT (SEALED) in case as to James Van Doren. Response or Objections to PSR due by 5/27/2014. (Attachments: # 1 Defense Counsel Instruction |

| | | | |
|---|---|---|---|
| | | | Sheet)(mks) (Entered: 05/07/2014) |
| 05/12/2014 | 201 | | MOTION to Stay *Motion by Separate Defendant, James Van Doren to Suspend Deadline for Responding to PSR* by James Van Doren. (Corum, Gary) (Entered: 05/12/2014) |
| 05/23/2014 | 202 | | MOTION to Seal Document by Brandon Lynn Barber as to Brandon Lynn Barber, K. Vaughn Knight, James Van Doren. (Attachments: # 1 Supplement Proposed Order)(Hutchinson, W.) (Entered: 05/23/2014) |
| 05/27/2014 | 203 | | **THE DOCUMENT IS FILED UNDER SEAL WITH THE COURT.**<br><br>RESPONSE/OBJECTION(S) TO 199 PRESENTENCE INVESTIGATION REPORT (Sealed) by Brandon Lynn Barber . (Hutchinson, Asa) Modified on 5/27/2014 to grant applicable party access(jn). (Entered: 05/27/2014) |
| 05/27/2014 | 205 | | **THE DOCUMENT IS FILED UNDER SEAL WITH THE COURT.**<br><br>RESPONSE/OBJECTION(S) TO 200 PRESENTENCE INVESTIGATION REPORT (Sealed) by USA as to James Van Doren. (Johnson, Wendy) Modified on 5/28/2014 to grant applicable party access (jn). (Entered: 05/27/2014) |
| 06/02/2014 | 206 | | **THE DOCUMENT IS FILED UNDER SEAL WITH THE COURT.**<br><br>RESPONSE/OBJECTION(S) TO 200 PRESENTENCE INVESTIGATION REPORT (Sealed) by James Van Doren. (Corum, Gary) Modified on 6/3/2014 to grant applicable party access (src). (Entered: 06/02/2014) |
| 06/02/2014 | | | **TEXT ONLY ORDER finding as moot 201 Motion to Stay as to James Van Doren (3). Signed by Honorable P. K. Holmes, III on June 2, 2014. (cc via CM/ECF: U.S. Probation Office, U.S. Marshals Service) (jlg) (Entered: 06/02/2014)** |
| 06/12/2014 | 210 | | **ORDER DENYING 195 Motion to Withdraw Plea of Guilty as to James Van Doren (3). Signed by Honorable P. K. Holmes, III on June 12, 2014. (cc via CM/ECF: U.S. Probation Office, U.S. Marshals Service) (jas) (Entered: 06/12/2014)** |
| 06/12/2014 | | | **TEXT ONLY ORDER Setting/Resetting Hearings as to James Van Doren : Sentencing set for 8/18/2014 at 09:00 AM in Fort Smith –– 3rd flr (Rm 310) before Honorable P. K. Holmes III. Signed by Honorable P. K. Holmes, III on June 12, 2014. (cc via CM/ECF: U.S. Probation Office, U.S. Marshals Service) (jas) (Entered: 06/12/2014)** |
| 06/12/2014 | | | **TEXT ONLY ORDER as to James Van Doren: A sentencing hearing has been set in this case. The Court hereby orders any Sentencing Memorandum which the parties feel would be beneficial to the Court to be filed no later than July 28, 2014 (21 days prior to sentencing). The first page of any sentencing related filing should include an estimate of the anticipated length of time necessary for the hearing. Additionally, if the sentencing is continued, any Supplemental Sentencing Memorandum will be due 21 days prior to the new sentencing date. Any responsive memoranda must be filed within 7 days after the filing of the sentencing memorandum that the responding party wishes to address.** |

| | | | |
|---|---|---|---|
| | | | **Furthermore, if any party otherwise expects the sentencing to be contested, the party or parties should so inform the Court by 21 days prior to sentencing so that enough time will be allotted for the hearing. Signed by Honorable P. K. Holmes, III on June 12, 2014. (cc via CM/ECF: U.S. Probation Office, U.S. Marshals Service) (jas) (Entered: 06/12/2014)** |
| 07/23/2014 | 217 | | ***DISREGARD ENTRY−INCORRECT EVENT USED. ATTORNEY WILL REFILE***<br><br>THE DOCUMENT IS FILED UNDER SEAL WITH THE COURT.<br><br>RESPONSE/OBJECTION(S) TO 214 PRESENTENCE INVESTIGATION REPORT (Sealed) by Brandon Lynn Barber as to Brandon Lynn Barber, K. Vaughn Knight, James Van Doren. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(Hutchinson, W.) Modified on 7/24/2014 to add text (jn). (Entered: 07/23/2014) |
| 07/28/2014 | | | **TEXT ONLY ORDER Setting/Resetting Hearings as to James Van Doren : Sentencing RE−SET for 11/3/2014 at 09:00 AM in Fort Smith −− 3rd flr (Rm 310) before Honorable P. K. Holmes III. Signed by Honorable P. K. Holmes, III on July 28, 2014. (cc via CM/ECF: U.S. Probation Office, U.S. Marshals Service) (jas) (Entered: 07/28/2014)** |
| 07/28/2014 | 219 | | MOTION for Reconsideration re 210 Order on Motion to Withdraw Plea of Guilty *James Van Doren's Motion to Reconsider Motion to Withdraw Plea of Guilty* by James Van Doren. (Corum, Gary) (Entered: 07/28/2014) |
| 07/31/2014 | 221 | | THE DOCUMENT IS FILED UNDER SEAL WITH THE COURT.<br><br>FINAL PRESENTENCE INVESTIGATION REPORT (SEALED) in case as to James Van Doren. (See Addendum for PSR revisions) (Attachments: # 1 Addendum)(mks) (Entered: 07/31/2014) |
| 07/31/2014 | 222 | | THE DOCUMENT IS FILED UNDER SEAL WITH THE COURT.<br><br>SENTENCING RECOMMENDATION as to James Van Doren. (mks) (Entered: 07/31/2014) |
| 08/19/2014 | 226 | | **ORDER denying 219 Motion for Reconsideration re 210 Order on Motion to Withdraw Plea of Guilty as to James Van Doren (3). Signed by Honorable P. K. Holmes, III on August 19, 2014. (cc via CM/ECF: U.S. Probation Office, U.S. Marshals Service) (src) (Entered: 08/19/2014)** |
| 10/10/2014 | 230 | | SENTENCING MEMORANDUM by USA as to James Van Doren (Attachments: # 1 Exhibit 1 Telephonic Deposition of Van Doren)(Wulff, Benjamin) (Entered: 10/10/2014) |
| 10/10/2014 | 231 | | ADDENDUM by USA as to James Van Doren re 230 Sentencing Memorandum *Exhibit 2 pp 1 to 120*. (Wulff, Benjamin) (Entered: 10/10/2014) |
| 10/10/2014 | 232 | | ADDENDUM by USA as to James Van Doren re 230 Sentencing Memorandum *Exhibit 2 pp 121 to 235*. (Wulff, Benjamin) (Entered: 10/10/2014) |

| | | | |
|---|---|---|---|
| 10/13/2014 | <u>233</u> | | SENTENCING MEMORANDUM by James Van Doren (Corum, Gary) (Entered: 10/13/2014) |
| 10/21/2014 | <u>234</u> | | NOTICE OF ATTORNEY APPEARANCE: Kenneth P. Elser appearing for USA. (Elser, Kenneth) (Entered: 10/21/2014) |
| 10/22/2014 | | | **TEXT ONLY ORDER as to James Van Doren, directing that any motions for downward departure and/or variance as to Defendant Van Doren be filed by 5:00 pm on October 28, 2014. Signed by Honorable P. K. Holmes, III on October 22, 2014. (cc via CM/ECF: U.S. Probation Office, U.S. Marshals Service) (jas) (Entered: 10/22/2014)** |
| 10/28/2014 | <u>238</u> | | MOTION for Downward Departure *and/or Variance* by James Van Doren. (Attachments: # <u>1</u> Exhibit 1 − Signed Agreement Between Barber and Van Doren, # <u>2</u> Exhibit 2 − Disclosures to Legacy, # <u>3</u> Exhibit 3 − Agreed Order Dismissing Legacy)(Corum, Gary) (Entered: 10/28/2014) |
| 10/31/2014 | | | **TEXT ONLY ORDER Setting/Resetting Hearings as to James Van Doren : Sentencing set for 11/3/2014 at 10:00 AM in Fort Smith —− 3rd flr (Rm 310) before Honorable P. K. Holmes III. Signed by Honorable P. K. Holmes, III on October 31, 2014. RE−SET DUE TO TIME CHANGE ONLY. (cc via CM/ECF: U.S. Probation Office, U.S. Marshals Service) (jas) (Entered: 10/31/2014)** |
| 11/03/2014 | <u>242</u> | | Minute Entry for proceedings held before Honorable P. K. Holmes, III: Sentencing as to James Van Doren held on 11/3/2014. (Rick Congdon−Court Reporter)(Proceedings held in Fort Smith−Room 310) (jas) (Entered: 11/03/2014) |
| 11/03/2014 | <u>243</u> | | AMENDED SENTENCING MINUTES reflecting corrected Count 24s. (jas) (Entered: 11/03/2014) |
| 11/03/2014 | | | **TEXT ONLY ORDER DENYING <u>238</u> Motion for Downward Departure as to James Van Doren (3). Signed by Honorable P. K. Holmes, III on November 3, 2014. (cc via CM/ECF: U.S. Probation Office, U.S. Marshals Service) (jas) (Entered: 11/03/2014)** |
| 11/04/2014 | <u>244</u> | 47 | **JUDGMENT as to James Van Doren (3), Count(s) 13s, 15, 15s, 23s, 25s, 26s, 27s, DISMISSED ON MOTION OF THE UNITED STATES; Count(s) 24s, SENTENCED TO 15 MONTHS IMPRISONMENT, TO REPORT BY 1/5/15; 2 YEARS SUPERVISED RELEASE; $100.00 SPECIAL ASSESSMENT; $10,000.00 FINE. Signed by Honorable P. K. Holmes, III on November 4, 2014. (cc via CM/ECF: U.S. Probation Office, U.S. Marshals Service) (jn) (Entered: 11/04/2014)** |
| 11/04/2014 | <u>245</u> | | STATEMENT OF REASONS as to James Van Doren filed pursuant to the entry of the <u>244</u> Judgment.<br><br>**THIS DOCUMENT IS FILED UNDER SEAL.**<br><br>Signed by Honorable P. K. Holmes, III on November 4, 2014. (cc via CM/ECF: U.S. Probation Office, U.S. Marshals Service) (jn) (Entered: 11/04/2014) |
| 11/05/2014 | <u>246</u> | | **ORDER directing that the $25,000 held into the registry of the Court be** |

| | | |
|---|---|---|
| | | paid over to the US Attorney to be applied toward the fine and money judgment entered in this case as to James Van Doren re 230 Sentencing Memorandum filed by USA. Signed by Honorable P. K. Holmes, III on November 5, 2014. (cc via CM/ECF: U.S. Probation Office, U.S. Marshals Service) (tg) (Entered: 11/05/2014) |
| 11/06/2014 | 247 | **AMENDED ORDER as to James Van Doren re 246 Order,. Signed by Honorable P. K. Holmes, III on November 6, 2014. (cc via CM/ECF: U.S. Probation Office, U.S. Marshals Service) (rg) (Entered: 11/06/2014)** |
| 11/12/2014 | | FINANCIAL ENTRY: $10,100.00 of $25,000.00 registry bond transferred to satisfy criminal fine and special assessment per order of court, doc 247. The remaining $14,900.00 released to U. S. Marshal Service towards satisfaction of the money judgement by treasury check No. 166625, dated 11/06/14. (bks) (Entered: 11/12/2014) |
| 11/17/2014 | 251 | NOTICE OF APPEAL − Final Judgment by James Van Doren re 210 Order on Motion to Withdraw Plea of Guilty, 244 Judgment, 144 Order, 226 Order on Motion for Reconsideration, 247 Order. Filing fee $ 505, receipt number 0861−1074273. (Corum, Gary) (cc via ECF: Conner Eldridge, Kenny Elser, Ben Wulff, Gary Corum) Modified on 11/18/2014 to add distribution (jn). (Entered: 11/17/2014) |
| 11/18/2014 | 253 | NOA SUPPLEMENT FORM re 251 Notice of Appeal − Final Judgment (atty), filed by James Van Doren. (jn) (Entered: 11/18/2014) |
| 11/25/2014 | 254 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Sentencing Hearing as to James Van Doren held on 11/3/14, before Judge P.K. Holmes, III. Court Reporter/Transcriber Rick Congdon, Telephone number 479−783−1466. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber. After the Release of Transcript Restriction deadline, it, or a redacted transcript, may be obtained through the Court Reporter/Transcriber or PACER A Notice of Intent to Request Redaction of the Transcript MUST be filed within 7 calendar days of the filing of the transcript and served manually on the court reporter/transcriber. Redaction Request due 12/19/2014. Redacted Transcript Deadline set for 12/29/2014. Release of Transcript Restriction set for 2/26/2015. (jn) (Entered: 11/25/2014) |
| 12/03/2014 | 255 | USCA Scheduling Order as to 251 Notice of Appeal − Final Judgment (atty), filed by James Van Doren. Case Appealed to 8th Circuit Court of Appeals Case Number 14−3685. (jn) (Entered: 12/03/2014) |
| 12/12/2014 | 258 | MOTION for Release from Custody *Motion for Release Pending Appeal and Extension of Voluntary Report Date* by James Van Doren. (Corum, Gary) (Entered: 12/12/2014) |
| 12/15/2014 | | **TEXT ONLY ORDER as to James Van Doren. The Government is directed to file any response to Mr. Van Doren's 258 motion for release pending appeal by Monday, December 22, 2014. Signed by Honorable P. K. Holmes, III on December 15, 2014. (cc via CM/ECF: U.S. Probation Office, U.S. Marshals Service) (jlg) (Entered: 12/15/2014)** |
| 12/18/2014 | 259 | Transmitted Record on Appeal as to James Van Doren to US Court of Appeals, Eighth Circuit re 251 Notice of Appeal − Final Judgment (atty). (jn) |

| | | | |
|---|---|---|---|
| | | | (Entered: 12/18/2014) |
| 12/22/2014 | 260 | | RESPONSE to Motion by USA as to James Van Doren re 258 MOTION for Release from Custody *Motion for Release Pending Appeal and Extension of Voluntary Report Date* (Wulff, Benjamin) (Entered: 12/22/2014) |
| 12/23/2014 | 261 | | REPLY TO RESPONSE to Motion by James Van Doren re 258 MOTION for Release from Custody *Motion for Release Pending Appeal and Extension of Voluntary Report Date* (Corum, Gary) (Entered: 12/23/2014) |
| 12/23/2014 | 262 | | **ORDER denying 258 Motion for Release from Custody as to James Van Doren (3). Signed by Honorable P. K. Holmes, III on December 23, 2014. (cc via CM/ECF: U.S. Probation Office, U.S. Marshals Service) (jas) (Entered: 12/23/2014)** |
| 12/30/2014 | 263 | | MOTION *FOR RECOMMENDED DESIGNATION TO A BUREAU OF PRISIONS FACILITY AND FOR ONE WEEK EXTENSION OF THE VOLUNTARY REPORT DATE* by James Van Doren. (Corum, Gary) (Entered: 12/30/2014) |
| 12/31/2014 | 264 | | **ORDER denying 263 MOTION FOR RECOMMENDED DESIGNATION TO A BUREAU OF PRISIONS FACILITY AND FOR ONE WEEK EXTENSION OF THE VOLUNTARY REPORT DATE as to James Van Doren (3). Signed by Honorable P. K. Holmes, III on December 31, 2014. (cc via CM/ECF: U.S. Probation Office, U.S. Marshals Service) (rg) (Entered: 12/31/2014)** |
| 01/06/2015 | 266 | | **ORDER of USCA as to James Van Doren re 251 Notice of Appeal − Final Judgment (atty) denying motion for release pending appeal. (jn) (Entered: 01/06/2015)** |
| 01/13/2015 | 268 | | MOTION Transfer overpayment of fine by USDC to USMS to apply to money judgment by USA as to James Van Doren. (Groom, Deborah) (Entered: 01/13/2015) |
| 02/04/2015 | 273 | | **ORDER granting 268 Motion Transfer overpayment of fine by USDC to USMS to apply to money judgment by USA as to James Van Doren (3). Signed by Honorable P. K. Holmes, III on February 4, 2015. (cc via CM/ECF: U.S. Probation Office, U.S. Marshals Service) (rg) (Entered: 02/04/2015)** |
| 02/05/2015 | | | FINANCIAL ENTRY: $7,100.00 received on behalf of James Van Doren on January 12, 2015 was paid by Clerk's Office to United States Marshals Service by check number 167759, dated February 5, 2015, per order of Court, document 273, filed 02/04/15. (ss) (Entered: 02/05/2015) |
| 02/26/2015 | | | Terminate Transcript Deadlines as to James Van Doren per release of #254. (jn) (Entered: 02/26/2015) |
| 07/22/2015 | 289 | | NOTICE OF ATTORNEY APPEARANCE: Joel D. Johnson appearing for Brandon Lynn Barber. (Johnson, Joel) Modified text on 7/22/2015 (jas). (Entered: 07/22/2015) |
| 09/28/2015 | 291 | | MANDATE of USCA affirming district court decision as to 251 Notice of Appeal − Final Judgment (atty), as to James Van Doren. (Attachments: # 1 USCA Opinion, # 2 USCA Judgment, # 3 USCA Letter)(jn) (Entered: |

| | | | 09/28/2015) |
|---|---|---|---|
| 05/02/2016 | <u>298</u> | | **SATISFACTION OF JUDGMENT and Release of Lien as to James Van Doren by USA. (Groom, Deborah) (Entered: 05/02/2016)** |
| 10/26/2016 | <u>299</u> | 52 | TRANSFER OF JURISDICTION by Probation Office to District of Arizona as to James Van Doren Transmitted Transfer of Jurisdiction form, with copies of indictment, judgment and docket sheet. (rg) (Entered: 10/26/2016) |

US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

MAR 0 6 2013

CHRIS R. JOHNSON, Clerk
By

Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No.    5:12CR50035-001 |
| | ) | |
| | ) | 18 U.S.C. § 2 |
| V. | ) | 18 U.S.C. § 1344 |
| | ) | 18 U.S.C. § 1957 |
| BRANDON LYNN BARBER, | ) | 18 U.S.C. §§ 152(1), (3) & (7) |
| K. VAUGHN KNIGHT, and | ) | 18 U.S.C. § 157 |
| JAMES VAN DOREN | ) | 18 U.S.C. § 371 |
| | ) | 18 U.S.C. § 1343 |
| | ) | 18 U.S.C. § 1349 |
| | ) | 18 U.S.C. §§ 1956(h), (a)(1)(B)(i) |

## THIRD SUPERSEDING INDICTMENT

The Grand Jury charges:

## BACKGROUND

At all times relevant to the indictment:

1.     The Defendants, **BRANDON LYNN BARBER**, (hereinafter **BARBER**) and **K.
VAUGHN KNIGHT**, (hereinafter **KNIGHT**) resided in Fayetteville, Arkansas, which is in the

Western District of Arkansas.  Defendant **JAMES VAN DOREN** (hereinafter **VAN DOREN**)

resided in New York.

2.     The Barber Group was incorporated on February, 24, 2004.  **BARBER** was the

sole owner.  The Barber Group was the administrative link to and provided the administrative

services for all of **BARBER'S** Limited Liability Companies and Corporations.  These services

included, but were not limited to: Computer data entry, bookkeeping, preparation of financial

statements, loan requests and payroll functions.

USDC Arkansas Western

3. **BARBER** and several of his Limited Liability Companies and Corporations were primarily involved in residential and commercial real estate development, real estate construction and real estate sales.

4. **BARBER** created separate Limited Liability Companies for specific real estate development and or construction projects. Some of these Limited Liability Companies were partially owned by other individuals or entities in addition to **BARBER**.

5. Lynnkohn, LLC, Bellafont Land, LLC, Bellafont Retail Village, LLC, and EIA International, LLC were entities created by **BARBER** and owned in whole or in part by **BARBER** or other entities controlled by **BARBER**.

6. **BARBER** and **BARBER'S** entities secured over $200,000,000 in loans or lines of credit from various financial institutions from June 2003 through October 2008.

7. Legacy National Bank of Springdale, Arkansas, Metropolitan National Bank of Little Rock, Arkansas, and Enterprise Bank of St. Louis, Missouri, are all financial institutions, the deposits of which are insured by the Federal Deposit Insurance Corporation (FDIC).

8. On or about July 23, 2008, Legacy National Bank was successful in obtaining a judgment against **BARBER**, in the amount of $9,901,308.98.

9. The following month, on or about August 20, 2008, **BARBER** instituted bankruptcy proceedings by filing a petition in Bankruptcy Court, on behalf of Lynnkohn, an LLC in which **BARBER** held a controlling interest.

10. **VAUGHN KNIGHT** was **BARBER'S** attorney of record for the Lynnkohn Bankruptcy.

2

## THE BANK FRAUD SCHEME

8.      From in or about September 2005, the exact date being unknown to the Grand Jury, to in or about September 2007, **BARBER** knowingly devised and intended to devise a scheme and artifice to defraud FDIC insured financial institutions and to obtain funds under the custody and control of FDIC insured financial institutions, by means of material false and fraudulent representations.

9.      As part of the scheme and artifice to defraud: **BARBER**, in his effort to secure certain loans and lines of credit from financial institutions, provided false personal financial information and statements that overstated his net worth by: Overstating his cash on hand, understating his liabilities and overvaluing his ownership interest in the various LLCs, Corporations and Partnership entities he listed on his personal financial statements.

10.      **BARBER** also submitted false contingent liability statements to financial institutions, thereby falsely depicting his financial condition.

11.      Once loans were obtained, **BARBER** used portions of loan proceeds for purposes other than those authorized under the terms of the loans.

## COUNT 1

### (18 U.S.C. § 1344 - BANK FRAUD)

12.      The Grand Jury repeats and re-alleges the allegations contained in paragraphs 1-11 of this Indictment, as though fully set forth herein.

13.      On or about September 1, 2005, through on or about  December 16, 2005, in the Western District of Arkansas, Fayetteville Division, and elsewhere, the defendant **BRANDON LYNN BARBER** executed the scheme and artifice as set forth above, in that the defendant made application for and obtained a loan, number 05000659, in the amount of $2,800,000.00 from

USDC Arkansas Western

Legacy National Bank, Springdale, Arkansas in the name of Lynnkohn, LLC, for the purpose of purchasing real estate for commercial construction of the Legacy Condominiums and retail space, and in doing so, provided materially false and fraudulent financial information and statements to Legacy National Bank.

All in violation of 18 U.S.C. § 1344.

## COUNT 2

### (18 U.S.C. § 1344 - BANK FRAUD)

14.     The Grand Jury repeats and re-alleges the allegations contained in paragraphs 1-11 of this Indictment, as though fully set forth herein.

15.     On or about September 12, 2005, through on or about September 21, 2007, in the Western District of Arkansas, Fayetteville Division, and elsewhere, the defendant **BRANDON LYNN BARBER** executed the scheme and artifice as set forth above, in that the defendant made application for and obtained a loan, number 05000728, in the amount of $16,700,000.00 from Legacy National Bank of Springdale, Arkansas in the name of Lynnkohn, LLC, for the purpose of commercial construction of the Legacy Condominiums and retail space, and in doing so, provided materially false and fraudulent financial information and statements to Legacy National Bank. **BARBER** further defrauded Legacy National Bank by diverting loan funds to other construction and development projects, unrelated to the Legacy Condominium Project. Barber further defrauded Legacy National Bank by falsifying certain contracts for pre-sold units in the Legacy Building and representing to the Bank that those contracts and pre-sold units were legitimate when, in fact, they were not.

All in violation of 18 U.S.C. § 1344.

4

## COUNT 3

### (18 U.S.C § 1344 - BANK FRAUD)

16.     The Grand Jury repeats and re-alleges the allegations contained in paragraphs 1-11 of this Indictment, as though fully set forth herein.

17.     On or about March 29, 2007, in the Western District of Arkansas, Fayetteville Division, and elsewhere, the defendant **BRANDON LYNN BARBER** executed the scheme and artifice as set forth above, in that the defendant made application for and obtained a loan, number 07000206,  in the amount of $2,700,000.00  from Legacy National Bank of Springdale, Arkansas in the name of Lynnkohn, LLC, for the purpose of commercial construction of the Legacy Condominiums and retail space, and in doing so, provided materially false and fraudulent financial information and statements to Legacy National Bank.

All in violation of 18 U.S.C. § 1344.

## COUNT 4

### (18 U.S.C. § 1344 - BANK FRAUD)

18.     The Grand Jury repeats and re-alleges the allegations contained in paragraphs 1-11 of this Indictment, as though fully set forth herein.

19.     On or about July 29, 2006, in the Western District of Arkansas, Fayetteville Division, and elsewhere, the defendant **BRANDON LYNN BARBER** executed the scheme and artifice as set forth above, in that the defendant made application for and obtained a loan, number 115090495, in the amount of $14,449,088.00  from Metropolitan National Bank of Little Rock, Arkansas, Fayetteville branch, in the name of Bellafont Land, LLC, for the purpose of commercial land purchase on Joyce Boulevard, Fayetteville, Arkansas, and to develop the property into commercial lots, and in doing so, provided materially false and fraudulent financial

USDC Arkansas Western

information and statements to Metropolitan National Bank. **BARBER** further defrauded Metropolitan National Bank by diverting loan funds to other construction and development projects, unrelated to the Bellafont Land Project. **BARBER** further defrauded Metropolitan National Bank by the use of a straw investor, Joyce Investments, in an attempt to falsely represent that another, unrelated party was investing in the project, when in fact the investment monies provided by Joyce Investments were actually funds from **BARBER**.

All in violation of 18 U.S.C. § 1344.

## COUNT 5

### (18 U.S.C. § 1344 - BANK FRAUD)

20.     The Grand Jury repeats and re-alleges the allegations contained in paragraphs 1-11 of this Indictment, as though fully set forth herein.

21.     On or about July 16, 2007, in the Western District of Arkansas, Fayetteville Division, and elsewhere, the defendant **BRANDON LYNN BARBER** executed the scheme and artifice as set forth above, in that the defendant made application for and obtained a loan, number 8119532, in the amount of $17,152,000.00 from Enterprise Bank of St. Louis, Missouri, in the name of Bellafont Retail, LLC, for the purpose of construction and development of the Bellafont Retail Village, Fayetteville, AR, and in doing so, provided materially false and fraudulent financial information and statements to Enterprise Bank. **BARBER** further defrauded Enterprise Bank by diverting loan funds to other construction and development projects, unrelated to the Bellafont Retail Village Project.

All in violation of 18 U.S.C. § 1344.

6

## COUNT 6

### (18 U.S.C. § 1957 - MONEY LAUNDERING - Engaging in Monetary Transactions in Property Derived From Specified Unlawful Activity)

22.     On or about the 23rd day of August, 2007, in the Western District of Arkansas, Fayetteville Division, the defendant **BRANDON LYNN BARBER**, did knowingly engage in a monetary transaction through a financial institution, affecting interstate commerce, in criminally derived property of a value greater than $10,000, that is, by causing $785,000.00 to be transferred from the Bellafont Retail, LLC account, 1502492, held at First State Bank of Lonoke, Fayetteville branch, in Fayetteville, Arkansas, to the **BARBER** Construction account, number 1502921, held at First State Bank of Lonoke, Fayetteville branch, in Fayetteville, Arkansas, such proceeds having derived from a specified unlawful activity, that is bank fraud, in violation of 18 U.S.C. § 1344.

All in violation of 18 U.S.C. § 1957.

## COUNT 7

### (18 U.S.C. § 1957 - MONEY LAUNDERING - Engaging in Monetary Transactions in Property Derived From Specified Unlawful Activity)

23.     On or about the 23rd day of August, 2007, in the Western District of Arkansas, Fayetteville Division, the defendant **BRANDON LYNN BARBER**, did knowingly engage in a monetary transaction through a financial institution, affecting interstate commerce, in criminally derived property of a value greater than $10,000, that is, by causing $62,100.00 to be transferred from the Bellafont Retail, LLC account, number 1502492, held at First State Bank of Lonoke, Fayetteville branch, in Fayetteville, Arkansas, to the Brandon or Keri Barber Construction Account, number 5500486, held at First State Bank of Lonoke, Fayetteville branch, in

7

USDC Arkansas Western

Fayetteville, Arkansas, such proceeds having derived from a specified unlawful activity, that is bank fraud, in violation of 18 U.S.C. § 1344.

All in violation of 18 U.S.C. § 1957.

## COUNT 8

### (18 U.S.C. § 1957 - MONEY LAUNDERING - Engaging in Monetary Transactions in Property Derived From Specified Unlawful Activity)

24. On or about the 23rd day of August, 2007, in the Western District of Arkansas, Fayetteville Division, the defendant **BRANDON LYNN BARBER**, did knowingly engage in a monetary transaction through a financial institution, affecting interstate commerce, in criminally derived property of a value greater than $10,000, that is, by causing $45,500.00 to be transferred from the Bellafont Retail, LLC account, number 1502492, held at First State Bank of Lonoke, Fayetteville branch, in Fayetteville, Arkansas, to the Brandon or Keri Barber Construction Account, number 5500486, held at First State Bank of Lonoke, Fayetteville branch, in Fayetteville, Arkansas, such proceeds having derived from a specified unlawful activity, that is bank fraud, in violation of 18 U.S.C. § 1344.

All in violation of 18 U.S.C. § 1957.

## COUNT 9

### (18 U.S.C. § 1957 - MONEY LAUNDERING - Engaging in Monetary Transactions in Property Derived From Specified Unlawful Activity)

25. On or about the 28th day of August, 2007, in the Western District of Arkansas, Fayetteville Division, the defendant **BRANDON LYNN BARBER**, did knowingly engage in a monetary transaction through a financial institution, affecting interstate commerce, in criminally derived property of a value greater than $10,000, that is, by causing $325,000.00 to be

8

transferred from the Barber Construction account, number 1502921, held at First State Bank of Lonoke, Fayetteville branch, in Fayetteville, Arkansas, to the Brandon Barber account, number 5503019, held at First State Bank of Lonoke, Fayetteville branch, in Fayetteville, Arkansas, such proceeds having derived from a specified unlawful activity, that is bank fraud, in violation of 18 U.S.C. § 1344.

All in violation of 18 U.S.C. § 1957.

## COUNT 10

### (18 U.S.C. § 1957 - MONEY LAUNDERING - Engaging in Monetary Transactions in Property Derived From Specified Unlawful Activity)

26.    On or about the 5th day of September, 2007, in the Western District of Arkansas, Fayetteville Division, the defendant **BRANDON LYNN BARBER**, did knowingly engage in a monetary transaction through a financial institution, affecting interstate commerce, in criminally derived property of a value greater than $10,000, that is, by causing $30,000.00 to be transferred from the Brandon L. Barber account, number 5503019, held at First State Bank of Lonoke, Fayetteville branch, in Fayetteville, Arkansas, to East Meets West Spa, Fayetteville, Arkansas, such proceeds having derived from a specified unlawful activity, that is bank fraud, in violation of 18 U.S.C. § 1344.

All in violation of 18 U.S.C. § 1957.

## COUNT 11

### (18 U.S.C. § 1957 - MONEY LAUNDERING - Engaging in Monetary Transactions in Property Derived From Specified Unlawful Activity)

27.    On or about the 10th day of September, 2007, in the Western District of Arkansas, Fayetteville Division, the defendant **BRANDON LYNN BARBER**, did knowingly engage in a

9

USDC Arkansas Western

monetary transaction through a financial institution, affecting interstate commerce, in criminally derived property of a value greater than $10,000, that is, by causing $16,500.00 to be transferred from the Brandon L. Barber account, number 5503019, held at First State Bank of Lonoke, Fayetteville branch, in Fayetteville, Arkansas, to Atlantis Casino, such proceeds having derived from a specified unlawful activity, that is bank fraud, in violation of 18 U.S.C. § 1344.

All in violation of 18 U.S.C. § 1957.

### COUNT 12

## (18 U.S.C. § 1957 - MONEY LAUNDERING - Engaging in Monetary Transactions in Property Derived From Specified Unlawful Activity)

28.     On or about the 10th day of September, 2007, in the Western District of Arkansas, Fayetteville Division, the defendant **BRANDON LYNN BARBER**, did knowingly engage in a monetary transaction through a financial institution, affecting interstate commerce, in criminally derived property of a value greater than $10,000, that is, by causing $13,500.00 to be transferred from the Brandon L. Barber account, number 5503019, held at First State Bank of Lonoke, Fayetteville branch, in Fayetteville, Arkansas, to Robert Redfern, CPA, such proceeds having derived from a specified unlawful activity, that is bank fraud, in violation of 18 U.S.C. § 1344.

All in violation of 18 U.S.C. § 1957.

## CONSPIRACY TO COMMIT BANKRUPTCY FRAUD, WIRE FRAUD AND MONEY LAUNDERING

**Overview of the Fraudulent Scheme**

29.     Beginning on at least April 1, 2008 and continuing through on or about November 9, 2010, in the Western District of Arkansas and elsewhere, defendants **BRANDON LYNN BARBER, K. VAUGHN KNIGHT and JAMES VAN DOREN**, did knowingly and

10

intentionally combine, conspire, confederate, and agree with each other to devise a scheme and artifice to defraud **BARBER'S** creditors by concealing income, assets and funds from them and ultimately allowing **BARBER** to use those funds for his benefit including for his personal expenses.

30.     As a further part of the scheme to defraud, and in an effort to conceal his assets from his creditors, the bankruptcy trustee and the bankruptcy court, **BARBER** opened a bank account, NWARE Investments, LLC, account number xxx-060, at First Security Bank, Fayetteville, Arkansas, on or about November 11, 2008. **BARBER** closed this NWARE account at the end of August 2009 and on September 2, 2009, opened a new NWARE Investments, LLC, account, number xxxx-xxx-410, at Bank of Arkansas, Fayetteville, Arkansas.

31.     As a further part of the scheme to defraud **BARBER, KNIGHT AND VAN DOREN** and others known and unknown to the Grand Jury made and caused to be made transfers of money to and through these NWARE accounts in an effort to avoid collection and garnishment and to conceal **BARBER's** true financial condition from his creditors.

32.     **BARBER** used the funds transferred into the NWARE accounts for his benefit, including for his personal expenses.

33.     As a further part of the scheme to defraud, **BARBER,** caused funds to be deposited into **KNIGHT'S** interest on lawyer's trust account, (hereinafter, IOLTA account), number xxxx7195, at Arvest Bank, for the purpose of concealing the money and placing it beyond the reach of **BARBER'S** creditors.

34.     **BARBER AND KNIGHT,** caused the funds deposited into **KNIGHT'S** IOLTA account to be used on **BARBER'S** behalf, including to be transferred to the NWARE accounts,

11

to accounts of other entities and to be used for **BARBER'S** benefit, including paying his personal expenses.

35.     As a further part of the scheme to defraud, **BARBER** delivered a briefcase containing approximately $30,000.00 to **JAMES VAN DOREN** in order to conceal the money and place it beyond the reach of his creditors. **BARBER** and **VAN DOREN** did conceal those funds and the funds were used for **BARBER'S** benefit, including for his personal expenses.

36.     As a further part of the scheme to defraud, **BARBER** endorsed a check payable to himself in the amount of $64,000.00 over to **VAN DOREN**. **VAN DOREN** deposited the money into his account and then transferred the money to **BARBER,** who then used the money for his benefit, including for his personal expenses, thereby concealing the money from creditors and placing it beyond the reach of his creditors.

37.     As a further part of the scheme to defraud, **BARBER,** utilized EIA International, LLC, a limited liability corporation that was owned and controlled by **BARBER** to buy and sell real estate. The income derived by **BARBER** from real estate transactions was transferred into **KNIGHT'S** IOLTA account, thereby concealing it from **BARBER'S** creditors. A portion of the money was transferred to bank accounts controlled by or in the name of **VAN DOREN** and used for **BARBER'S** benefit, including for his personal expenses.

## COUNT 13

### (CONSPIRACY TO COMMIT BANKRUPTCY FRAUD)
### (18 U.S.C. §§ 371 and 157)

38.     The Grand Jury repeats and re-alleges the allegations contained in paragraphs 29-37 of this Indictment, as though fully set forth herein.

39.     From on or about April 2008 through on or about July 31, 2009, in the Western District of Arkansas, and elsewhere, the Defendants, **BRANDON LYNN BARBER, K.**

12

**VAUGHN KNIGHT, AND JAMES VAN DOREN** did knowingly and intentionally combine, conspire, confederate, and agree with each other and with others known and unknown to the Grand Jury, to knowingly and fraudulently devise and intend to devise the foregoing scheme and artifice to defraud and for the purpose of executing and concealing such a scheme and artifice, filed a petition under Title 11 of the United States Code, to wit: In re: Brandon Lynn Barber, Debtor, No.5:09-bk-73807, filed a document in that bankruptcy proceeding, and made a false or fraudulent representation, claim, or promise concerning or in relation to that bankruptcy proceeding under Title 11, before and after the filing of the petition in violation of 18 U.S.C. §§157 and 371.

## MANNER AND MEANS OF THE CONSPIRACY

40.     It was the purpose of the conspiracy that **BARBER, KNIGHT AND VAN DOREN** and others acting on their behalf, disguised the income and assets of **BARBER** from his creditors in order to obtain and retain economic benefits for **BARBER.**

41.     As part of the conspiracy, **BARBER, KNIGHT** and **VAN DOREN,** agreed that they would conceal and disguise income and funds belonging to **BARBER** and transfer said funds into and through accounts belonging to **KNIGHT** and **VAN DOREN,** thereby hiding it from creditors.

42.     As part of the conspiracy, the funds hidden from creditors in the accounts of **KNIGHT** and **VAN DOREN** would then be paid back on **BARBER'S** behalf or flow back to accounts belonging to **BARBER** or to other accounts for his benefit, including for personal expenses.

13

OVERT ACTS

43.    In furtherance of the conspiracy and to achieve the objects and purpose thereof, at least one of the conspirators committed and caused to be committed, in the Western District of Arkansas and elsewhere, at least one of the following overt acts, among others:

a.  On or about September 29, 2008, **BARBER** took a check made payable to **BARBER** and endorsed it over to **VAN DOREN**. **VAN DOREN** then deposited that check into **VAN DOREN'S** personal bank account and the funds were spent, used and transferred for **BARBER'S** benefit, including for **BARBER'S** personal expenses.

b.  On or between April 1, 2008 and July 31, 2009, **BARBER** instructed persons known to the Grand Jury to transfer funds to **KNIGHT'S** IOLTA account. **KNIGHT** held funds in his IOLTA account on **BARBER'S** behalf and then, at **BARBER'S** direction, transferred funds, for **BARBER'S** benefit, including to accounts in the names of persons or entities other than **BARBER** in order to conceal those funds from creditors.

c.  On or between April 1, 2008 and July 31, 2009, **KNIGHT** transferred funds to entities and accounts owned by **VAN DOREN**. **VAN DOREN** then further transferred, spent, and used the funds for **BARBER'S** benefit, including for **BARBER'S** personal expenses.

d.  On or between July 2008 and July 31, 2009, **BARBER** delivered a briefcase containing cash to **VAN DOREN** and **VAN DOREN** placed the cash into a safe deposit box owned or controlled by **VAN DOREN**. **VAN DOREN** and

14

BARBER then further obtained, transferred, spent, and used the funds for **BARBER'S** benefit, including for **BARBER'S** personal expenses.

e. On or about July 31, 2009, **BARBER** caused to be filed a bankruptcy case under Title 11 of the United States Code, specifically the case entitled: In re: Brandon Lynn Barber, Debtor, No. 5:09-bk-73807.

All in violation of 18 U.S.C. §§ 157 and 371.

### COUNT 14

#### (18 U.S.C. § 152(7) - BANKRUPTCY FRAUD - Concealment of Assets)

47.     The Grand Jury repeats and re-alleges the allegations contained in paragraphs 29-37 of this Indictment, as though fully set forth herein.

48.     On or between April 1, 2008 and November 9, 2010, in the Western District of Arkansas and elsewhere, the Defendants **BRANDON LYNN BARBER AND K. VAUGHN KNIGHT,** aiding and abetting each other and aided and abetted by each other, in contemplation of a bankruptcy case under Title 11 of the United States Code by **BARBER,** specifically the case entitled In re: Brandon Lynn Barber, Debtor, No. 5:09-bk-73807, and with the intent to defeat the provisions of Title 11, knowingly and fraudulently transferred monies totaling   up to or exceeding $1,000,000.00 belonging to **BARBER** into **KNIGHT'S** IOLTA account, thereby concealing it from **BARBER'S** creditors and the Bankruptcy Court.

All in violation of 18 U.S.C. §§ 152(7) and 2.

### COUNT 15

#### (18 U.S.C. § 152(7) - BANKRUPTCY FRAUD - Concealment of Assets)

49.     The Grand Jury repeats and re-alleges the allegations contained in paragraphs 33-44 of this Indictment, as though fully set forth herein.

15

50.      On or between April 1, 2008 and November 9, 2010, in the Western District of Arkansas and elsewhere, the Defendants **BRANDON LYNN BARBER** and **JAMES VAN DOREN,** aiding and abetting each other and aided and abetted by each other, in contemplation of a bankruptcy case under Title 11 of the United States Code by **BARBER,** specifically the case entitled In re: Brandon Lynn Barber, Debtor, No. 5:09-bk-73807, and with the intent to defeat the provisions of Title 11, knowingly and fraudulently transferred $64,000.00 and $30,000.00 belonging to **BARBER** to **VAN DOREN**, thereby concealing it from **BARBER'S** creditors and the Bankruptcy Court.

All in violation of 18 U.S.C. §§ 152(7) and 2.

## COUNT 16

### (18 U.S.C. § 152(1) - CONCEALMENT OF ASSETS)

51.      The Grand Jury repeats and re-alleges the allegations contained in paragraphs 33-44 of this Indictment, as though fully set forth herein.

52.      On or about the 31st day of July, 2009, in the Western District of Arkansas, **BRANDON LYNN BARBER**, did in this district and elsewhere, knowingly and fraudulently conceal and cause to be concealed from creditors and from the United States Trustee, property belonging to the estate of a debtor, namely, in In re: Brandon Lynn Barber, Debtor, No. 5:09-bk-73807, a bank account, "NWARE, LLC", account number xxx-060, which had a $2,225.13 balance on the date the bankruptcy petition was filed.

All in violation of 18 U.S.C. § 152(1).

USDC Arkansas Western

## COUNT 17

### (18 U.S.C. § 152(3) - FALSE STATEMENTS)

53.     The Grand Jury repeats and re-alleges the allegations contained in paragraphs 33-44 of this Indictment, as though fully set forth herein.

54.     On or about the 31st day of July, 2009, in the Western District of Arkansas, **BRANDON LYNN BARBER**, aided and abetted by **K. VAUGHN KNIGHT,** did in this district and elsewhere, knowingly and fraudulently make a material false declaration, certificate and verification, under the penalty of perjury, in and in relation to a case under Title 11 United States Code, namely, in In re: Brandon Lynn Barber, Debtor, No. 5:09-bk-73807, by submitting a Statement of Financial Affairs, in which the defendants fraudulently omitted up to or exceeding $1,000,000 in income belonging to **BARBER,** for calendar year 2008 and instead reported income of $3,426.95 for calendar year 2008.

All in violation of 18 U.S.C. §§ 152(3) and 2.

## COUNT 18

### (18 U.S.C. § 1957 - MONEY LAUNDERING - Engaging in
### Monetary Transactions in Property Derived
### From Specified Unlawful Activity)

55.     On or about the 15th day of August, 2008, in the Western District of Arkansas, Fayetteville Division, the defendants **BRANDON LYNN BARBER and K. VAUGHN KNIGHT,** aided and abetted by each other and others known and unknown to the grand jury, did knowingly engage in a monetary transaction through a financial institution, affecting interstate commerce, in criminally derived property of a value greater than $10,000, that is, by causing $95,000.00 to be transferred from **KNIGHT'S** IOLTA account, number xxxx7195, held at Arvest Bank,  to Brandon Barber's account held at Priority Bank, number xxx-xxx-497, such

17

USDC Arkansas Western

proceeds having derived from a specified unlawful activity, that is bankruptcy fraud, in violation of 18 U.S.C. § 152 (7).

All in violation of 18 U.S.C. §§ 1957 and 2.

### COUNT 19

### (18 U.S.C. § 1957 - MONEY LAUNDERING - Engaging in Monetary Transactions in Property Derived From Specified Unlawful Activity)

56.     On or about the 21st day of August, 2008, in the Western District of Arkansas, Fayetteville Division, the defendants **BRANDON LYNN BARBER and K. VAUGHN KNIGHT**, aided and abetted by each other and others known and unknown to the grand jury, did knowingly engage in a monetary transaction through a financial institution, affecting interstate commerce, in criminally derived property of a value greater than $10,000, that is, by causing $95,230.03 to be transferred from **KNIGHT'S** IOLTA account, number xxxx7195, held at Arvest Bank, to Brandon Barber's Citicard account, number xxxx-xxxx-xxxx-2141, for use in paying **BARBER'S** credit card bill, such proceeds having derived from a specified unlawful activity, that is bankruptcy fraud, in violation of 18 U.S.C. § 152(7).

All in violation of 18 U.S.C. §§ 1957 and 2.

### COUNT 20

### (18 U.S.C. § 1957 - MONEY LAUNDERING - Engaging in Monetary Transactions in Property Derived From Specified Unlawful Activity)

57.     On or about the 21st day of November, 2008, in the Western District of Arkansas, Fayetteville Division, the defendants **BRANDON LYNN BARBER and K. VAUGHN KNIGHT**, aided and abetted by each other and others known and unknown to the grand jury, did knowingly engage in a monetary transaction through a financial institution, affecting interstate

USDC Arkansas Western

commerce, in criminally derived property of a value greater than $10,000, that is, by causing $20,000.00 to be transferred from **KNIGHT'S** IOLTA account, number xxxx7195, held at Arvest Bank, to Brandon Barber's account, NWARE Investments, LLC, held at First Security Bank, number, xxx-060, such proceeds having derived from a specified unlawful activity, that is bankruptcy fraud, in violation of 18 U.S.C. § 152(7).

All in violation of 18 U.S.C. §§ 1957 and 2.

### COUNT 21

### (18 U.S.C. § 1957 - MONEY LAUNDERING - Engaging in Monetary Transactions in Property Derived From Specified Unlawful Activity)

58.     On or about the 12th day of December, 2008, in the Western District of Arkansas, Fayetteville Division, the defendants **BRANDON LYNN BARBER and K. VAUGHN KNIGHT**, aided and abetted by each other and others known and unknown to the grand jury, did knowingly engage in a monetary transaction through a financial institution, affecting interstate commerce, in criminally derived property of a value greater than $10,000, that is, by causing $20,000.00 to be transferred from **KNIGHT'S** IOLTA account, number xxxx7195, held at Arvest Bank , to **BRANDON BARBER'S** account, NWARE Investments, LLC,  held at First Security Bank, number, xxx-060, such proceeds having derived from a specified unlawful activity, that is bankruptcy fraud, in violation of 18 U.S.C. § 152(7).

All in violation of 18 U.S.C. §§ 1957 and 2.

19

## COUNT 22

### (18 U.S.C. § 1957 - MONEY LAUNDERING - Engaging in Monetary Transactions in Property Derived From Specified Unlawful Activity)

59.     On or about the 16th day of January, 2009, in the Western District of Arkansas, Fayetteville Division, the defendants **BRANDON LYNN BARBER and K. VAUGHN KNIGHT**, aided and abetted by each other and others known and unknown to the grand jury, did knowingly engage in a monetary transaction through a financial institution, affecting interstate commerce, in criminally derived property of a value greater than $10,000, that is, by causing $15,000.00 to be transferred from **KNIGHT'S** IOLTA account, number xxxx7195, held at Arvest Bank, to **BRANDON BARBER'S** account, NWARE Investments, LLC, held at First Security Bank, number xxx-060, such proceeds having derived from a specified unlawful activity, that is bankruptcy fraud, in violation of 18 U.S.C. § 152(7).

All in violation of 18 U.S.C. §§ 1957 and 2.

## COUNT 23

### CONSPIRACY TO COMMIT WIRE FRAUD (18 U.S.C. § 1349 - CONSPIRACY and 18 U.S.C. § 1343 – WIRE FRAUD)

60.     The Grand Jury repeats and re-alleges the allegations contained in paragraphs 29-37 of this Indictment, as though fully set forth herein.

61.     From in or about April, 2008 through in or about July of 2009, in the Western District of Arkansas, Fayetteville Division, and elsewhere, the defendants, **BRANDON LYNN BARBER**, **K. VAUGHN KNIGHT**, and **JAMES VAN DOREN** did knowingly and intentionally combine, conspire, confederate and agree with each other to devise and intend to devise a scheme and artifice to defraud **BARBER'S** creditors and for obtaining money and property by means of false and fraudulent pretenses, representations and promises thereby

20

USDC Arkansas Western

affecting financial institutions and other creditors and in furtherance of that scheme did transmit and cause to be transmitted certain wire communications in interstate commerce.

All in violation of 18 U.S.C. §§ 1349 and 1343.

## MANNER AND MEANS OF THE CONSPIRACY

62.    It was the purpose of the conspiracy that **BARBER**, **KNIGHT**, and **VAN DOREN**, acting on behalf of themselves and entities owned by them, concealed funds from **BARBER'S** creditors by transferring those funds through accounts owned by them and through accounts in the name of entities owned by them and then ultimately spending, using or transferring those funds for **BARBER'S** benefit.

63.    As part of the conspiracy, **BARBER**, **KNIGHT**, and **VAN DOREN** agreed that they would engage in wire transfers and other transfers of funds in order to conceal income, assets, and funds from **BARBER'S** creditors and provide such income, assets, and funds for **BARBER'S** benefit, including for **BARBER'S** personal living expenses.

64.    As part of the conspiracy, **BARBER** took a check made payable to **BARBER** and endorsed it over to **VAN DOREN**. **VAN DOREN** then deposited that check into **VAN DOREN'S** personal bank account and the funds were spent, used and transferred for **BARBER'S** benefit, including for **BARBER'S** personal living expenses.

65.    As part of the conspiracy, **BARBER** instructed persons known to the Grand Jury to transfer funds to **KNIGHT'S** IOLTA account. **KNIGHT** held funds in his IOLTA account on **BARBER'S** behalf and then, at **BARBER'S** direction, transferred funds, for **BARBER'S** benefit, including to accounts in the names of persons or entities other than **BARBER** in order to conceal those funds from creditors.

21

66.     As part of the conspiracy, **KNIGHT** transferred funds to entities and accounts owned by **VAN DOREN**. **VAN DOREN** then further transferred, spent, and used the funds for **BARBER'S** benefit, including for **BARBER'S** personal living expenses.

67.     As part of the conspiracy, **BARBER** delivered a briefcase containing cash to **VAN DOREN** and **VAN DOREN** placed the cash into a safe deposit box owned or controlled by **VAN DOREN**. **VAN DOREN** and **BARBER** then further obtained, transferred, spent, and used the funds for **BARBER'S** benefit, including for **BARBER'S** personal living expenses.

68.     As part of the conspiracy, **BARBER**, **KNIGHT** and **VAN DOREN** caused several wire transfers of funds between accounts in their names or of entities owned by them, including:

a.  On or before September 29, 2008, Barber endorsed a check in the amount of $64,000 over to **VAN DOREN** and **VAN DOREN** deposited that check into a Citibank account in New York in the name of **VAN DOREN**, causing that check to be cleared through the banking system by means of wire communications and transfers.

b.  On or about October 29, 2008, **VAN DOREN** caused a wire transfer of $22,000 from a Citibank account in New York in the name of **VAN DOREN** to a First Security Bank account in Fayetteville, Arkansas in the name of the Barber Group.

c.  On or about November 14, 2008, **KNIGHT** caused a wire transfer of $150,000 from **KNIGHT'S** IOLTA account, held at Arvest Bank in Fayetteville, Arkansas to a Citibank account in New York in the name of Epsilon Investments, LLC, an entity owned by **VAN DOREN**.

22

d.  On or about March 16, 2009, **VAN DOREN** caused a wire transfer of $20,000 from the Citibank account in New York in the name of Epsilon Investments, LLC to the NWARE Investments, LLC account at First Security Bank in Fayetteville, Arkansas.

## COUNT 24

### (18 U.S.C. § 1957 – MONEY LAUNDERING –Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity)

69.     On or about the 29th day of October, 2008, in the Western District of Arkansas, Fayetteville Division and elsewhere, the defendants, **BRANDON LYNN BARBER** and **JAMES VAN DOREN**, aided and abetted by each other and others known and unknown to the grand jury, did knowingly engage in a monetary transaction through a financial institution, affecting interstate commerce, in criminally derived property of a value greater than $10,000, that is, by causing $22,000 to be transferred from a Citibank Account in New York in the name of **JAMES VAN DOREN** to a First Security Bank account in Fayetteville, Arkansas in the name of the Barber Group, an entity owned by **BARBER**, such proceeds having derived from a specified unlawful activity, that is wire fraud, in violation of 18 U.S.C § 1343.

All in violation of 18 U.S.C. §§ 1957 and 2.

## COUNT 25

### (18 USC § 1957 – MONEY LAUNDERING –Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity)

70.     On or about the 16th day of March, 2009, in the Western District of Arkansas, Fayetteville Division and elsewhere, the defendants, **BRANDON LYNN BARBER** and **JAMES VAN DOREN**, aided and abetted by each other and others known and unknown to the grand jury, did knowingly engage in a monetary transaction through a financial institution,

23

affecting interstate commerce, in criminally derived property of a value greater than $10,000, that is, by causing $20,000 to be transferred from a Citibank Account in New York in the name of Epsilon Investments, LLC, an entity owned by **VAN DOREN**, to a First Security Bank account in Fayetteville, Arkansas in the name of NWARE Investments, LLC, an entity owned by **BARBER**, such proceeds having derived from a specified unlawful activity, that is wire fraud, in violation of 18 U.S.C § 1343.

All in violation of 18 U.S.C. §§ 1957 and 2.

## COUNT 26

### CONSPIRACY TO COMMIT MONEY LAUNDERING
### (18 U.S.C. § 1956)

71.     The Grand Jury repeats and re-alleges the allegations contained in paragraphs 29-37 and 60-69 of this Indictment, as though fully set forth herein.

72.     From in or around April of 2008 through in or around July of 2009, in the Western District of Arkansas and elsewhere, the defendants, **BRANDON LYNN BARBER**, **K. VAUGHN KNIGHT**, and **JAMES VAN DOREN** did knowingly and willfully combine, conspire and agree with each other and with other persons, known and unknown to the Grand Jury, to conduct financial transactions, affecting interstate commerce, involving the proceeds of specified unlawful activity, knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity and knowing that the transactions were designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of specified unlawful activity, in violation of 18 U.S.C. § 1956(a)(1)(B)(i)(Concealment Money Laundering) and in violation of 18 U.S.C. § 1956(h).

24

All in violation of 18 U.S.C. § 1956.

<u>MANNER AND MEANS OF THE CONSPIRACY</u>

73.    It was the purpose of the conspiracy that **BARBER**, **KNIGHT** and **VAN DOREN** would conduct financial transactions involving proceeds of bankruptcy fraud, wire fraud, and bank fraud in order to conceal and disguise the fact that the funds belonged to **BARBER** and were being spent, appropriated, and made available for his benefit, including for his personal expenses, and would accomplish this by transferring the funds between accounts in the name of **KNIGHT** and **VAN DOREN** or entities owned and controlled by **KNIGHT** and **VAN DOREN**.

74.    As part of the conspiracy, **BARBER**, **KNIGHT** and **VAN DOREN** agreed that they would conceal and disguise income, funds, and assets belonging to **BARBER** and transfer said funds into and through accounts belonging to **KNIGHT** and **VAN DOREN**, thereby hiding them from creditors.

75.    As part of the conspiracy, the funds hidden from creditors in the accounts of **KNIGHT** and **VAN DOREN** would then be paid back on **BARBER'S** behalf or flow back to accounts belonging to **BARBER** or to other accounts for his benefit, including for personal expenses.

76.    As part of the conspiracy, **BARBER**, **KNIGHT**, and **VAN DOREN** caused several wire transfers of funds between accounts in their names or of entities owned by them:

    a. On or about October 29, 2008, **BARBER** took a check made payable to **BARBER** and endorsed it over to **VAN DOREN**. **VAN DOREN** then deposited that check into **VAN DOREN'S** personal bank account and the

25

funds were spent, used and transferred for **BARBER'S** benefit, including for

**BARBER'S** personal expenses.

b. On or between April 1, 2008 and July 31, 2009, **BARBER** instructed persons

known to the Grand Jury to transfer funds to **KNIGHT'S** IOLTA account.

**KNIGHT** held funds in his IOLTA account on **BARBER'S** behalf and then,

at **BARBER'S** direction, transferred funds, for **BARBER'S** benefit, including

to accounts in the names of persons or entities other than **BARBER** in order

to conceal those funds from creditors.

c. On or between April 1, 2008 and July 31, 2009, **KNIGHT** transferred funds

to entities and accounts owned by **VAN DOREN. VAN DOREN** then further

transferred, spent, and used the funds for **BARBER'S** benefit, including for

**BARBER'S** personal expenses.

d. On or between July 2008 and July 31, 2009, **BARBER** delivered a briefcase

containing cash to **VAN DOREN** and **VAN DOREN** placed the cash into a

safe deposit box owned or controlled by **VAN DOREN. VAN DOREN** and

**BARBER** then further obtained, transferred, spent, and used the funds for

**BARBER'S** benefit, including for **BARBER'S** personal expenses.

All in violation of 18 U.S.C. § 1956.

## COUNT 27

### (18 U.S.C. § 1956 – MONEY LAUNDERING)

78.　　On or about November 14, 2008, in the Western District of Arkansas, the

defendants, **K. VAUGHN KNIGHT**, and **JAMES VAN DOREN**, aiding and abetting each

other, did knowingly conduct a financial transaction, affecting interstate commerce, involving

USDC Arkansas Western

the proceeds of specified unlawful activity, knowing that the property involved in the financial

transactions represented the proceeds of some form of unlawful activity, and knowing that the

transactions were designed in whole and in part to conceal and disguise the nature, the location,

the source, the ownership, and the control of the proceeds of specified unlawful activity, that is,

by causing $150,000 to be transferred from **KNIGHT'S** IOLTA account, number xxxx7195,

held at Arvest Bank, to an account in the name of Epsilon Investments, LLC, owned by **VAN**

**DOREN**, held at Citibank in New York, such proceeds having derived from a specified unlawful

activity, that is wire fraud in violation of 18 U.S.C. §§ 1343 and 1956(a)(1)(B)(i).

All in violation of 18 U.S.C. § 1956 and 2.

## NOTICE OF INTENT TO SEEK CRIMINAL FORFEITURE

The United States re-alleges and incorporates by reference herein Counts 1-27. As a

result of committing the offenses as alleged in this Indictment, each defendant shall forfeit to the

United States, pursuant to 18 U.S.C. §§ 981(a)(1), (a)(1)(c), 982(a)(2) and 28 U.S.C. § 2461, all

property involved in or traceable to property involved in the offenses, including proceeds

obtained directly or indirectly from the offenses.

Moreover, if any property subject to forfeiture, as a result of any act or omission by any

defendant:

    (a)     Cannot be located upon the exercise of due diligence;

    (b)     Has been transferred or sold to, or deposited with a third party;

    (c)     Has been placed beyond the jurisdiction of the court;

    (d)     Has been substantially diminished in value; or

    (e)     Has been commingled with other property which cannot be subdivided without

difficulty;

27

The defendants shall forfeit to the United States any other property of the defendants up to the value of the forfeitable property, or a sum of United States currency, in the form of a money judgment, representing the amount of proceeds obtained by the defendants as a result of the offense described in this Indictment. The money judgment will be later executed against any other property held by the defendants.

A True Bill.

/s/ Grand Jury Foreperson

Grand Jury Foreperson

CONNER ELDRIDGE
UNITED STATES ATTORNEY

By: _____

Wendy L. Johnson
First Assistant U. S. Attorney
Arkansas Bar No. 94067
414 Parker Avenue
Fort Smith, AR 72901
479-783-5125

USDC Arkansas Western

# UNITED STATES DISTRICT COURT

| WESTERN | District of | ARKANSAS |
|---|---|---|

| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|

<table>
<tr><td rowspan="3">V.<br><br>JAMES VAN DOREN</td><td>Case Numbers:</td><td>5:12CR50035-003</td></tr>
<tr><td>USM Number:</td><td>11418-010</td></tr>
<tr><td colspan="2">Gary D. Corum<br>Defendant's Attorney</td></tr>
</table>

**THE DEFENDANT:**

X pleaded guilty to count(s)     Twenty-Four (24) of the Third Superseding Indictment on August 23, 2013

☐ pleaded nolo contendere to count(s)
which was accepted by the court.

☐ was found guilty on count(s)

after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 1957 | Money Laundering | 10/29/2008 | 24 |

The defendant is sentenced as provided in pages 2 through     5     of this judgment. The sentence is imposed within the statutory range and the U.S. Sentencing Guidelines were considered as advisory.

☐ The defendant has been found not guilty on count(s)

X Count(s) 13, 15, 23, 25, 26, and 27 of the Third Superseding Indictment  X are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

November 3, 2014
Date of Imposition of Judgment

/S/ P. K. Holmes, III
Signature of Judge

Honorable P. K. Holmes, III, Chief United States District Judge
Name and Title of Judge

November 4, 2014
Date

| | Judgment — Page | 2 | of | 5 |

DEFENDANT:      JAMES VAN DOREN
CASE NUMBER:   5:12CR50035-003

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:      **fifteen (15) months.**

☐    The court makes the following recommendations to the Bureau of Prisons:

☐    The defendant is remanded to the custody of the United States Marshal.

☐    The defendant shall surrender to the United States Marshal for this district:

    ☐    at _____   ☐ a.m.   ☐ p.m.   on _____ .

    ☐    as notified by the United States Marshal.

X    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    X    before 12:00 p.m. on   January 5, 2015 _____ .

    ☐    as notified by the United States Marshal.

    ☐    as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____   to _____

a_____ , with a certified copy of this judgment.

_____

                            UNITED STATES MARSHAL

By _____

                            DEPUTY UNITED STATES MARSHAL

| | |
|---|---|
| DEFENDANT: | JAMES VAN DOREN |
| CASE NUMBER: | 5:12CR50035-003 |

Judgment—Page    3    of    5

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :    **two (2) years**

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

X    The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of

    future substance abuse. (Check, if applicable.)

X    The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

X    The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐    The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a

    student, as directed by the probation officer. (Check, if applicable.)

☐    The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT:        JAMES VAN DOREN
CASE NUMBER:      5:12CR50035-003

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | __Assessment__ | __Fine__ | __Restitution__ |
|---|---|---|---|
| **TOTALS** | $ 100.00 | $ 10,000.00 | $ - 0 - |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| __Name of Payee__ | __Total Loss*__ | __Restitution Ordered__ | __Priority or Percentage__ |
|---|---|---|---|
| | | | |

| **TOTALS** | $ 0 | $ |
|---|---|---|

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☐ the interest requirement is waived for the ☐ fine ☐ restitution.

    ☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

USDC Arkansas Western

Case 5:12-cr-50035-PKH Document 302 Filed 10/26/16 Page 51 of 52 PageID #: 1726

| | |
|---|---|
| DEFENDANT: | JAMES VAN DOREN |
| CASE NUMBER: | 5:12CR50035-003 |

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

**A** ☒ Lump sum payment of $   10,100.00   due immediately.

        ☐   not later than _____ , or
        ☐   in accordance   ☐ C,  ☐ D,  ☐   E, or  ☐ F below; or

**B** ☐ Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ F below); or

**C** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
    _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
    _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a
    term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from
    imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☐ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐   Joint and Several

    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐   The defendant shall pay the cost of prosecution.

☐   The defendant shall pay the following court cost(s):

☐   The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

| PROB 22<br>(Rev. 2/88) | | DOCKET NUMBER *(Tran. Court)* |
|---|---|---|
| TRANSFER OF JURISDICTION | | 5:12CR50035-003 |
| | | DOCKET NUMBER *(Rec. Court)*<br>**CR-16-50231-PHX-DLR** |

FILED _____ LODGED _____
RECEIVED _____ COPY _____

OCT 1 8 2016

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY _____ DEPUTY

| NAME AND ADDRESS OF PROBATIONER/SUPERVISED RELEASEE | DISTRICT<br>Western District of Arkansas | DIVISION<br>Fayetteville Division |
|---|---|---|
| James Van Doren | NAME OF SENTENCING JUDGE<br>Honorable P.K. Holmes, III, Chief U.S. District Judge | |
| | DATES OF PROBATION/<br>SUPERVISED RELEASE | FROM<br>02/05/2016 | TO<br>02/04/2018 |

| OFFENSE |
|---|
| Money Laundering, 18 U.S.C. § 1957 |

**PART 1 - ORDER TRANSFERRING JURISDICTION**

| UNITED STATES DISTRICT COURT FOR THE | WESTERN | DISTRICT OF | ARKANSAS |
|---|---|---|---|

IT IS HEREBY ORDERED that, pursuant to 18 U.S.C. 3605, the jurisdiction of the probationer or supervised releasee named above be transferred with the records of this Court to the United States District Court for the _____ District of Arizona _____ upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this court.*

_____ 9-15-16 _____
*Date*

_____ P.K. Holmes _____
Honorable P.K. Holmes, III
Chief United States District Judge

*This sentence may be deleted in the discretion of the transferring Court.

**PART 2 - ORDER ACCEPTING JURISDICTION**

| UNITED STATES DISTRICT COURT FOR THE | | DISTRICT OF | ARIZONA |
|---|---|---|---|

IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

_____ 10-18-16 _____
*Effective Date*

_____ _____
*United States District Judge*

USDC Arkansas Western